Halleck *v.* Moss.

but which the Clerk has no authority to fill up.   If this decree was not satisfactory to appellant, he should have appealed from the decree upon a statement showing that he filed a cost bill within the statutory time.   It was error, undoubtedly, not to allow full costs of suit ; but this Court cannot now remedy it.   The decree must be supposed to settle definitely the litigation ; it does without the motion is made, during the term at which it was ordered, to reform or modify it.

The theory upon which appellant is proceeding is, that the Court, after final decree, may order defendant to pay the costs, or let execution issue therefor.   This is false.   The decree must embrace the costs ; where a blank is left in the decree, no costs are awarded. (*Chapin* v. *Broder*, already cited.)

---

## HALLECK *et al.* *v.* MOSS *et al.*

A SALE by the executors of the personal poperty of an estate is invalid, if the notice of the sale be by publication in a newspaper, unless there be an order of Court directing such publication.   The statute (Wood's Dig. 406, 153) requires notice to be given by posting in three public places, or by publication if the Judge so order.   In the absence of such order, the notice must be given by posting.

A sale by executors of the personal estate of their testator, upon insufficient notice thereof, is voidable, at least, if not void.

APPEAL from the Fourth District.

Action upon a written agreement in the following words :

'" Articles of agreement made and entered into this 19th day of February, 1857, by and between J. Mora Moss, party of the first part, and H. W. Halleck, A. C. Peachy and P. W. Van Winkle, executors of the estate of J. L. Folsom, deceased, parties of the second part, witnesseth, that whereas the said estate and the said parties of the second part, in their capacity of executors as aforesaid, hold two hundred and fifty shares of the capital stock of the ' Sacramento Valley Railroad Company,' on which the said com pany has called for an unpaid assessment, amounting in the aggregate to the sum of $7,433.88, and whereas the said executors have declined to pay said assessment, except upon a guaranty to the effect hereinafter stated.   Now, in consideration that the said executors have agreed to pay the said assessment, and for the further consideration of one dollar in hand paid to him by the said executors, the said Moss hereby covenants and agrees with the said Halleck, Peachy and Van Winkle, executors as aforesaid, that if the said stock, in the course of the administration of said estate, shall be sold at auction, upon reasonable notice, the proceeds of said sale shall amount to as much as the assessment to be paid by said executors as aforesaid, together with an advance thereon of one per cent. ; and if the proceeds of said sale shall be less than the sum aforesaid, including the said advance, then the said Moss will make good the deficiciency to the said estate, on demand after the said sale.   In testimony whereof, the said J. Mora Moss has hereunto set his hand and seal, the day and year first above written.

(Seal)                                    " J. Mora Moss.

" Witness :    E. A. Caselli.

The complaint averred, among other things, that in due course of administration and under an order from the Probate Court of San Francisco for the sale of the personal property of plaintiffs' testator, they sold at public auction, after ten days notice published in the " Herald " and " Alta " newspapers, the shares of stock mentioned in the above agreement, to the highest bidder, for the sum of $4,049.75, and that defendant had actual notice of and was present at the sale.   The suit is for $3,458.47, the difference between the assessments paid by plaintiffs under the agreement, to

wit: $7,433.88, with one per cent. added, and the amount for which the shares sold.

The answer was a general denial. The Court below found among other things that the sale was upon reasonable notice by publication in the " Herald " for seven days and in the " Alta " for eleven days preceding the sale, and that defendant Moss was present at the sale, and that it was made in due course of administration under an order of the Probate Court. Accordingly plaintiffs had judgment for $3,333.22, the difference between the assessments, with one per cent. added, and the proceeds of sale. By stipulation, the Sacramento Valley Railroad Company was made party defendant, and the same judgment entered against it. ·

Defendants appeal.

*Whitcomb, Pringle & Felton,* for Appellants.

The sale was made without the notice required by the statute. Section 153 (Wood's Dig. 406) requires notices by posting " or by publication in a newspaper if the Judge shall so order." The authority to give notice by publication is explicit ; in the absence of it the notice shall be by posting. In this case the order for sale contained no directions as to the manner of giving notice, and yet the notice by publication seems to have been the only one adopted. In the case of *Haynes* v. *Weeks,* 10 Cal. 119, a sale without sufficient notice is admitted to be voidable or void—and either consequence is sufficient to relieve the guarantor in this contract. He is entitled to insist upon a regular and valid sale " in the course of administration;" one that is neither void or voidable. And especially in the matter of due notice is he entitled to strict regularity in the proceedings, for that is of the essence of his guaranty.

As to the " reasonable notice " required by the agreement sued on, it implies at least the statutory notice, as the sale was also by the agreement to be made " in due course of administration."

*Gregory Yale,* for Respondents.

The contract stipulates for a sale at auction " upon reasonable notice." The evidence shows that the sale was made after notice in the " Alta " and " Herald " of eleven consecutive days. The

reasonable notice provided for was notice to the public, so that bidders could be attracted and the sale made upon *bona fide* competition.

The public could not be notified by posting a notice. Neither could Moss, unless by accident. Had there been nothing but the statutory notice he might well have complained. It is contended that something more than the statutory notice was necessary, because the statutory notice was insufficient. Then why insist upon proof of an insufficient thing—of an immaterial fact?

It was not considered necessary on the trial to prove the posting, because the executors were not making out title to the shares for themselves or a purchaser under the sale. Such an irregularity would have been immaterial in that case. The case of *Haynes* v. *Meeks*, 10 Cal. 119, cited to sustain the necessity of the proof of due notice of sale upon a claim of title under probate proceedings, is an authority to the contrary.

It may be well contended that by the provision in the contract, " that if the said stock, in the course of the administration of the said estate, shall be sold at auction upon reasonable notice," nothing more was meant than to leave the whole matter discretionary with the executors to act on their best judgment, in good faith, to dispose of the stock at public auction upon reasonable notice to the public, so that the best price could be obtained, as an ordinary business matter. There was no intention to bind the executors to strict conformity with statutory provisions as to the mode of sale. Moss had no vested interest in the statutory mode of posting. Neither could he have an interest in knowing whether the sale was to take place only on a representation of indebtedness. The condition of the estate, as to solvency or insolvency, did not enter into the contract. The sale was to simply take place at auction, as all such sales took place, after a notice in a newspaper. That the sale was made by order of the Court could not be complained of by Moss, for a purchaser might think more of a title so obtained and be induced to give more. But his title could not be defeated after sale, payment and possession, because notice was not given by posting, or because the sale was not made on an exposition of indebtedness. He did not give less on that account, and he is the only

party to complain, as Moss stands precisely in as good a condition as he otherwise would.

As to what is a " reasonable notice," depends upon the circumstances of the case, and is a mixed question of law and fact. It is a question of time more than of manner. Posting would not have added to the time, as section one hundred and fifty-one fixes the time at ten days. It could not have been more "reasonable" by that mode. Such a notice was no doubt twice the time given in ordinary mercantile cases. But Moss had personal notice by being present. The object of the sale under the contract was to obtain a fair market price upon the supposition, at all times, that the stock was not worth the assessment and premium.

This whole defense, as argued, assumes a position not pleaded nor openly avowed, but which should have been pleaded and proved in order to be available; namely, that Moss has suffered damages by reason of this sale which he would not have sustained had the sale been otherwise conducted. The assumption is that the stock might have brought more. This theory is speculation—not founded on a defense or a fact. It should have been made the subject of a counter claim, or an independent action after payment. No attempt was made to prove, nor could there have been under the issue, that the executors acted improvidently in selling at the time or in the manner they did, so as to prejudice the defendant.

Cope, J. delivered the opinion of the Court—Field, C. J. concurring.

This is an action upon a written agreement executed by the defendant Moss. The plaintiffs are the executors of the estate of J. L. Folsom, deceased, and the action is brought by them in that capacity. In order to recover, it was necessary for them to show that the property mentioned in the agreement had been sold in the course of administration. There was a fatal defect of proof in relation to the notice under which the sale was made. The notice had been given by publication in a newspaper; but it was not shown that it had been so given under the authority of any order directing it to be done. The statute provides that the notice in such

cases " shall be given by notices posted in three public places in the county, or by publication in a newspaper if the Judge shall so order." (Wood's Dig. 406, sec. 153.) There was no attempt to show that any notices had ever been posted, and in the absence of an order directing the publication, there was no other mode in which the notice could be given. The evidence on this point was therefore insufficient; and if the proper notice was not in fact given, the sale was invalid. The agreement must be understood as referring to a valid sale ; and a sale upon insufficient notice is at least voidable, if not absolutely void. (*Haynes* v. *Weeks*, 10 Cal. 119.) The provision in the agreement requiring the sale to be made upon reasonable notice, cannot be considered as dispensing with any of the requisites of a legal sale. The sale was to be made in the course of administration, and whatever is essential to the validity of such a sale in any other case was necessary in this.

Judgment reversed, and cause remanded for a new trial.