[Criminal No. 150.  Filed March 19, 1901.]·

[64 Pac. 421.]

WILEY M. MORGAN, Indicted as Wiley Morgan, Defendant
and Appellant, v. TERRITORY OF ARIZONA, Plain-
tiff and Respondent.

1. CRIMINAL LAW—HOMICIDE—CHARGE TO THE JURY—MALICE AFORE-
THOUGHT.—An instruction that "If the deceased was unlawfully,
feloniously and unjustifiably shot and killed by the defendant,
as charged in the indictment; that the killing was the result of
malice suddenly produced at the time the fatal shot was fired, and
was without premeditation or deliberation, then it is your duty to
find the defendant guilty of murder in the second degree," is not
bad as omitting the essential element in murder,—to wit, malice
aforethought,—since in order to find defendant guilty under this
charge the jury must find the killing to be the result of malice,
and malice, the cause, must of necessity precede the killing, the
result.

2. SAME—BURDEN OF PROOF—INSTRUCTIONS AS TO PROPERLY REFUSED
WHERE COURT FULLY CHARGED ON THE SUBJECT.—It is not error
to deny requests for charges on behalf of defendant pertaining to
the burden of proof and the degree of proof necessary to establish
the guilt of defendant so as to warrant a conviction, where an
examination of the charge given by the court discloses no omission
to charge the law fully upon the point.

3. SAME—HOMICIDE—SELF-DEFENSE—CHARGE TO JURY—BODILY INJURY
OR LOSS OF LIFE—REASONABLE BELIEF AS TO EXISTENCE OF—REV.
STATS. ARIZ. 1887, PEN. CODE, PARS. 285, 286, CONSTRUED.—A
charge that one of the conditions under the right of self-defense
which may be asserted is, "that the killing of the other was necessary
in order to prevent the infliction upon himself of great bodily
injury or loss of his life" is erroneous, in that it does not recognize
a reasonable ground for the belief that the killing is necessary
on the part of defendant sufficient to excite the fears of a reason-
able person as provided in the statutes, *supra,* defining the right
of self-defense.

4. SAME—SAME—SAME—SAME—SAME—SAME—SAME.—Upon a trial for
homicide the defense was that of justifiable homicide, upon the
ground that the defendant's life was in danger, and the killing of
the deceased was necessary for his self-protection. The charge, in
effect, stating that the defendant was justified in acting on appear-
ances and belief, if the actual necessity existed of killing the
deceased in order to prevent great bodily injury to himself, is an
imperfect statement of the law of self-defense, as contained in the
statutes, *supra,* in that the seeming necessity arising from circum-

stances sufficient to excite the fears of a reasonable person that the deceased was about to do him some great bodily injury, and that there was imminent danger of such design being accomplished, as a justification, is not made clear and definite.

5. SAME—SAME—SAME—INSTRUCTIONS TO JURY—REASONABLE GROUND TO BELIEVE THAT DANGER OF GREAT BODILY INJURY OR LOSS OF LIFE EXISTED — REFUSAL TO GIVE — ERROR WHERE NOT PROPERLY COVERED IN GENERAL CHARGE.—Defendant, on trial for murder, and claiming self-defense as a justification, requested the following charge: "If the defendant, in the position in which he was then placed, and with the light and knowledge which he then had upon the subject, had reasonable ground to believe that the deceased intended to kill him or do him some great bodily injury; and if the circumstances as they came to his knowledge at that time, were sufficient to excite the fears of a reasonable person, that the deceased was about to murder any person, or to commit a felony, or to do him a great bodily injury, and the danger thereof was imminent, and if, acting upon these fears, the defendant killed the deceased to protect himself therefrom, then such killing, under such circumstances, was justifiable." *Held*, that the refusal to give this request, or to give a similar charge, the matter not being properly covered by the general charge, was error.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. George R. Davis, Judge. Reversed.

The facts are stated in the opinion.

Hereford & Hazzard, and A. C. Baker, for Appellant.

C. F. Ainsworth, Attorney-General, and Edward W. Land, District Attorney, for Respondent.

SLOAN, J.—The appellant, Wiley M. Morgan, was indicted and tried in the court below for the murder of one John Duncan. The indictment charged murder in the first degree, but he was convicted of murder in the second degree, and sentenced to twenty years' imprisonment in the penitentiary. Defendant moved the trial court for a new trial, which was refused, and from this ruling he appeals to this court.

The court, in its charge, gave the statutory definition of murder, and, as well, of the two degrees of murder. Following this definition, the court charged as follows: "If you believe from the evidence, beyond a reasonable doubt, that the

said John Duncan was unlawfully and feloniously shot and killed by the defendant with malice aforethought, as charged in the indictment; that the shooting and killing was the willful, deliberate, and premeditated act of the defendant, and was done without excuse or justification,—then it is your duty to find the defendant guilty of murder in the first degree. If you believe from the evidence, beyond a reasonable doubt, that the said John Duncan was unlawfully, feloniously, and unjustifiably shot and killed by the defendant, as charged in the indictment, and that the killing was the result of malice suddenly produced at the time the fatal shot was fired, and was without premeditation or deliberation, then it is your duty to find the defendant guilty of murder in the second degree." Appellant assigns as error that part of the latter instruction which states the circumstances which would constitute the homicide charged murder of the second degree. Counsel for appellant argued that that part of the instruction which says that if the deceased "was unlawfully, feloniously, and unjustifiably shot and killed by defendant, as charged in the indictment, and that the killing was the result of malice suddenly produced at the time the fatal shot was fired, without premeditation or deliberation," he was guilty of murder in the second degree, contained fatal error, in that it omits the essential element in murder, to wit, malice aforethought. It is contended that an unlawful, felonious, unjustifiable killing, as the result of malice suddenly produced at the time of the killing, without premeditation or deliberation, does not constitute murder, under the statute; that the term "malice aforethought" involves the idea of some sequence between the intent to kill and the act of killing; and that this idea of sequence is omitted from the instructions. If it be true that the felonious intent to kill must precede the act of killing in point of time, in order to constitute murder of the second degree, the language of the trial court is not open to criticism in this regard, inasmuch as it is distinctly stated that the killing must be the result of malice suddenly produced at the time. A thing cannot result from another except the latter be in a sense a sequence, just as the cause must, in a sense, precede the effect. The language used excludes the idea that the act of killing can precede the intent to kill, otherwise it could not be a result of such intent. Our statute upon the

subject of homicide is taken from the statutes of California, and the construction given the definition of murder by the courts of that state is therefore authoritative. In the case of *People* v. *Bealoba,* 17 Cal. 339, it was held that: "Murder in the first degree consists of willful, premeditated, unlawful killing. The intent to kill must exist, and may be proved from circumstances, though it need not have existed for any length of time before the act. It is sufficient if it be formed upon the instant, if the killing be unjustified." If, as held by the California court, it be sufficient to constitute murder of the first degree that the intent to kill be formed upon the instant of killing, this doctrine applies with even greater force in the case of murder of the second degree; for in the former class premeditation and deliberation is required, while in the latter a formed intent at the time of killing only is required. We find no reversible error in the instruction.

A number of other errors are assigned, based upon the refusal of the trial court to give specific instructions asked for by the defendant. It is urged that these instructions should have been given, for the reason that they properly charged the law, and were needed in order to supplement the charge given by the court. A number of these pertain to the burden of proof and the degree of proof necessary to establish the guilt of the defendant so as to warrant a conviction. Examination of the charge given by the court discloses no omission to charge the law fully upon the latter point, and the requests, therefore, were properly denied by the trial court. The defense was that of justifiable homicide, upon the ground that the defendant's life was in danger and the killing of the deceased was necessary for his self-protection. It is urged that the court's instruction upon this point was erroneous, in that it contained the following language: "The right of self-defense is a right recognized by the statute, and the conditions under which it may be asserted, to make homicide justifiable, are well settled. They are: First, that the slayer is not himself the assailant or aggressor, or that if he was the aggressor, that he had in good faith sought to decline any further struggle before the fatal shot was fired; and, second, that the killing of the other was necessary in order to prevent the infliction upon himself of great bodily injury or loss of his life." It is charged that the second condition laid down by

the court as essential to the exercise of the right of self-defense is too severe, in this: that it does not recognize a reasonable ground for the belief that the killing is necessary on the part of the defendant, sufficient to excite the fears of a reasonable person, contained in those sections of the Penal Code appertaining to the right of self-defense. Had the instructions of the court stopped with this definition, the law would certainly have been inadequately declared. The right of self-defense is primarily based upon necessity, but this necessity need not in every case be actual, but a homicide is justifiable where the necessity for taking life be only seeming, provided that the circumstances be sufficient to excite the fears of a reasonable person, and to induce the belief in the mind of such person that such taking of life is necessary, and the killer be influenced by no other fear or motive. The court supplemented the charge here quoted by the use of the following language: "If you find from the evidence that the deceased made the first hostile demonstration against the defendant, under such circumstances as would have justified a reasonable man in defendant's situation in believing that the deceased was about to inflict upon him great bodily injury, then the defendant was justified in acting on those appearances and that belief; and, if necessary to prevent great bodily injury to himself, he fired the fatal shot that killed the deceased, he was justified in so doing." An examination of the latter instruction will show that it is an imperfect statement of the law of self-defense as that law is contained in paragraphs 285 and 286 of the Penal Code, in that the seeming necessity arising from circumstances sufficient to excite the fears of a reasonable person that the deceased was about to do him some great bodily injury, and that there was imminent danger of such design being accomplished, as a justification, is not made clear and definite. In effect, the charge stated that the defendant was justified in acting on appearances and belief if the actual necessity existed of killing the deceased in order to prevent great bodily injury to himself.

· Counsel for the defendant requested the trial court to give the following instruction: "If you believe from the evidence that the defendant had reasonable ground to apprehend a design on the part of deceased to commit a felony or to do some great bodily injury, and that there was imminent danger

of such design being accomplished, and that for that purpose, in good faith, of defending himself from such design or such injury, the defendant shot and killed the deceased, then you are instructed that such killing under such circumstances was justifiable." This request was refused, as was also a request that the jury be instructed as follows: "The question for you to determine is not only whether, as a matter of fact, the deceased then and there attempted or threatened to murder any person, or to do some great bodily injury to any person; but you should consider whether the defendant, in the position in which he was then placed, and with the light and knowledge which he then had upon the subject, had reasonable ground to believe that the deceased intended to kill him or do him some great bodily injury; and if the circumstances, as they came to his knowledge at that time, were sufficient to excite the fears of a reasonable person that the deceased was about to murder any person, or to commit a felony, or to do him a great bodily injury, and that the danger thereof was imminent, and if, acting upon these fears, the defendant killed the deceased to protect himself therefrom, then such killing, under such circumstances, was justifiable." Neither of these requested instructions was open to serious criticism, either as to the language used or as embodying the rules of law on the subject of the right of self-defense, except that if in the latter instruction, in the clause "and if, acting upon these fears, the defendant killed the deceased," the word "alone" had been inserted, so as to make the clause read, "and if, acting upon these fears alone," etc., the statutory definition of the right of self-defense. and its qualification would have been more accurately expressed. We think it was the duty of the trial court to give these or similar instructions, and his refusal to do so was error. The judgment of the district court must be reversed, and the cause remanded for a new trial.

Street, C. J., and Doan, J., concur.