## THE STATE OF KANSAS v. WILLIAM E. VERRY.

1. LIBEL — *Burden of Proof; Invalid Provision.* That provision of § 272 of the act regulating crimes and punishments which places upon the defendant in a prosecution for libel the burden of showing that the publication of the alleged libel was made with good motives before there can be an acquittal, violates § 11 of the bill of rights, and to that extent is invalid.

2. LIBEL — *Jury — Law and Fact — Practice.* The legislature has provided that in prosecutions for libel, the jury may, at their discretion, determine the law as well as the fact, and the defendant is therefore entitled by himself or counsel to discuss before the jury every question that comes within the issue of the case, and he may, under the superintendence of the court, present and argue his theory of the law of the case, although it should differ in some respects from that given by the court in its instructions.

3. EVIDENCE, *Not Sustaining Charge of Larceny.* In the justification of a libel, proof that the party swindled another and obtained his money by fraud and deceit is insufficient to sustain a charge that he committed larceny or robbery.

*Appeal from Brown District Court.*

PROSECUTION for criminal libel. The information was filed on the 3d day of May, 1886, and it contained the following charge:

"That one William E. Verry, at the county of Brown and state of Kansas, on the 12th day of March, 1886, did, unlawfully and willfully, maliciously make, write, print, compose, dictate, publish and circulate, and procure to be made written, printed, composed, published and circulated, among other things, certain false, scandalous, malicious and defamatory words, figures and language, of and concerning one A. H. Thomas, to provoke the said A. H. Thomas to wrath and expose him to public hatred, hate and ridicule, and deprive him of public confidence and social intercourse, as follows, to wit:

"'*A Great Robbery of over $12,000 perpetrated by A. H. Thomas and M. S. Smalley upon W. E. Verry, of the great 'L' Store.*—I wish the people of Brown county to know that I have been most shamefully robbed by A. H. Thomas and M. S. Smalley. A. H. Thomas stole from my money drawer, while he was working for me in the store, between $4,000 and $5,000 in cash money; consequently I had to give a mortgage for $4,000.'

"The said William E. Verry meaning thereby to charge and accuse the said A. H. Thomas with the crime of robbery and with the crime of grand larceny. The false, scandalous and defamatory words, figures and language, among other things, were contained in numerous printings in the form of circulars and handbills, of which the following is a copy:

"'A Great Robbery of over $12,000 perpetrated by A. H. Thomas and M. S. Smalley upon William E. Verry, at the great 'L' Store.—I wish the people of Brown county to know that I have been most shamefully robbed by A. H. Thomas and M. S. Smalley. A. H. Thomas stole from my money drawer, while he was working for me in the store, between $4,000 and $5,000 in cash money; consequently I had to give a mortgage for $4,000. I could not pay the mortgage when it was due, and M. S. Smalley demanded that I must give up the store for the amount of the mortgage, which I was compelled to do—the mortgage at that time being considerably less than $4,000. He would not even allow me to invoice, so that I could see the amount of goods I had in the store. M. S. Smalley now positively declines to make known what disposition he made of the store. A. H. Thomas owns another store on the sly in this city—the store known as A. C. Crabb's—a fact which he cannot deny; but he kept it from me as long as possible. A. C. Crabb runs that store for one-half the profits of the store. In the place of A. H. Thomas working the grocery trade for me, at my store, he worked for his own store—A. C. Crabb's—on the sly.

Respectfully,          W. E. Verry.'

"Which said printing in the form of circulars and handbills the said William E. Verry then and there unlawfully, willfully and maliciously published and circulated by means of placing them in the hands of Elias Moser, J. H. Scoulter, and numerous and divers other persons in the city of Hiawatha, Brown county, Kansas, and by distributing and leaving them at the store and places of business of L. R. Yates, C. Meisenheimer, and numerous and divers other places of business and stores in said city of Hiawatha, to the great damage, disgrace, scandal and infamy of the said A. H. Thomas, and tending to provoke him to wrath and expose him to public hatred, contempt and ridicule, and to deprive him of public confidence and social intercourse; contrary to the provisions of the statute in such a case made and provided."

The defendant entered a plea of not guilty, and a trial was had at the May Term, 1886, of the district court of Brown county. When the testimony was closed, the defendant asked the court to instruct the jury "that in determining their verdict, it is proper for them to consider the truth of the alleged libelous matter, and if it appears that the alleged libelous matter was published for justifiable ends, the jury will acquit

27—36 KAS.

the defendant." This request was refused, and the court in its charge gave the following instructions:

"6. If you believe from the evidence that the defendant, on or about the 12th day of March, 1886, published of and concerning the said A. H. Thomas the matter charged in the information, and the said matter was libelous, then, unless it shall appear to you that the matter charged as libelous was true, and was published with good motives and for justifiable ends, you must find the defendant guilty."

"8. You are the exclusive judges of the facts and of the credibility of the witnesses, and if you believe that a witness has willfully and corruptly testified falsely to any material facts, you may disregard the whole or any part of the testimony of such witness; *and you have the right at your discretion to determine the law of this case.*"

After the counsel for the state had closed his opening argument, the counsel for the defendant proceeded to address the jury, and during the argument for the defendant his counsel proposed to argue to the jury that the law of the case in several particulars was different from that laid down by the court in its instructions; and among other things, proposed to argue to the jury that if the alleged libelous matter was published for justifiable ends the accused should be acquitted. The plaintiff objected to this, and the court sustained the objection and declared that it would not permit the defendant to argue to the jury that the law was different in any particular from that laid down in its instructions. To this ruling the defendant excepted. The jury found the defendant guilty, and the court adjudged that he pay a fine of $150 and the costs of the prosecution, and stand committed to the county jail until the fine and costs were paid. Motions for a new trial and in arrest of judgment were made and overruled. The defendant appeals.

*W. D. Webb, C. W. Johnson,* and *A. Perry,* for appellant.

*R. F. Buckles,* county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: The appellant contends that the court erred in its charge to the jury, and also in refusing to permit his counsel to address the jury upon the questions of law involved in the case, unless the argument coincided strictly with the law as stated by the court in its instructions.   The rules governing the trial for criminal libel differ materially in some respects from those applicable to other prosecutions.   In the trial of an offense other than libel, the jury are the exclusive judges of the facts; but not so with the questions of law that are involved.   In those cases it is the duty of the court to instruct the jury and decide for them all questions of law that properly arise in the case; and it is incumbent upon the jury to apply the law so given to the facts of the case, and conform their verdict and decision to the instructions.   For some reason the legislature deemed it wise to make an exception in prosecutions for libel, and in § 275 of the crimes act it was provided that "in all indictments or prosecutions for libel, the jury, after having received the direction of the court, shall have the right to determine at their discretion, the law and the fact."   In some of the states the power of the legislature to confer this authority upon the jury is denied, but neither the validity of this provision nor the right of the jury thereunder to determine the law and the fact is here questioned.   Indeed, the court submitted the whole issue to the jury, and directed them that they were at liberty to determine the law as well as the fact.   But after submitting the whole issue, the court refused to allow the defendant's counsel to present or argue to the jury a contrary view of the law from that taken and stated by the court in its instructions.   This was error.   It being 2. Libel; jury— conceded that the jury had a right to determine law and fact. the law of the case as well as the fact, the right of the defendant by himself or his counsel to fairly and fully argue to the jury his theory and view of the law ruling the case must also be conceded.   The argument is an important branch of the trial, and is intended to enlighten the jury and

aid them in determining all questions submitted to them. The defendant has a right to make a full defense before the jury, and his counsel have a right to discuss every question, whether of law or of fact, that the jury have a right to decide. The jury being at liberty to decide the law in accordance with or contrary to the opinion of the court, the same freedom and scope must necessarily be given to the defendant's counsel in argument. The argument of counsel is as much a part of the trial as the hearing of the evidence or the instructions of the court. It is a substantial and constitutional right, which cannot be taken away. (Bill of Rights, § 10.) Of course the court is not to abdicate its power and duty of instructing the jury upon the law of the case. The charge should be as full and complete as in cases where the jury are to implicitly take and follow the law laid down by the court. By reason of the learning and experience of the judge who presides, as well as the authority with which he is invested, the jury will doubtless heed and highly regard his opinion, as they should do, and will incline to adopt it rather than a contrary view presented by counsel; but the instructions which he gives are only advisory, and the jury are not in duty bound to accept and follow his views; and hence the defendant by himself or counsel has a right to present and press upon the jury views and interpretations of the law inconsistent with those stated by the court. The argument must of course be confined to the issues of the case, and must be presented in a respectful manner; and the court may also restrict the time to be occupied in argument within reasonable bounds, but it is error to restrict the argument of the defendant to the theory of law presented by the court in its instructions. (*Lynch v. The State*, 9 Ind. 541; *White v. The People*, 90 Ill. 118; *Commonwealth v. Porter*, 10 Met. [Mass.] 263.) The importance of the right denied is well demonstrated in this case. Over the objection of the defendant the court directed the jury that if they found that the defendant published the alleged libel, then unless they found that the matter charged as libelous was true and was published *with good motives* and

for justifiable ends, they must find the defendant guilty. The objection is in making the publication of the alleged libel with good motives essential to the justification. In giving this instruction the court but followed the language of the statute. (Crimes Act, § 272.) This section, however, is broader than the provisions of the constitution, and so far as it differs it cannot be upheld. In § 11 of the bill of rights it is provided that—

1. Libel; burden of proof; invalid provision.

"In all civil or criminal cases for libel the truth may be given in evidence to the jury, and if it shall appear that the alleged libelous matter was published for justifiable ends, the accused party shall be acquitted."

The legislature had no power to place upon the defendant, in making out a justification, the additional burden of showing that the publication was made with good motives. When he has given the truth in evidence, and has made it appear that the alleged libelous matter was published for justifiable ends, he is entitled to an acquittal. So far, then, as the statute differs from the constitution, it must be held invalid, and the instruction of the court making good motives in the publication a prerequisite to a justification must be held erroneous. The defendant not only asked the court to give the law of justification in accordance with the provisions of the constitution, but his counsel proposed to argue to the jury that good motives in making the publication were not essential to an acquittal, and this the court refused.

We have examined the other objections, and find none of them to be well taken. We regard the information to be sufficient. The request of the defendant for an instruction that a charge of theft and robbery would be sustained by proof that the prosecuting witness and another had swindled the defendant out of the sums of money named, by deceit and fraud, was properly refused. It is not necessary to the acquittal of the defendant that the truth of the charge should be proved in absolutely the same language as laid in the alleged libelous article, but, as the defendant claims, it will be sufficient if the charge as made be proved to be substantially

**3. Evidence, not sustaining charge of larceny.** true. But evidence that one had obtained money from another by deceit and fraud is not substantial proof of a charge of larceny or robbery. There are no other exceptions which deserve attention. But for the errors referred to, the judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.