James Lane, Plaintiff in Error, v. The People, Defendant in Error.

1. EVIDENCE—*what competent upon question of intent.* In a prosecution for obtaining property by false pretenses, where the intent is an essential ingredient of the crime, it is error to deny to the accused the right to state what his intention was.

2. PRESUMPTIONS—*what person presumed to contemplate.* A person accused of crime is presumed only to have intended the natural and probable consequences of his purposed or deliberate act.

3. INSTRUCTIONS—*when erroneous in ignoring question of intent.* An instruction which tells the jury that if they find certain facts they may render a verdict of guilty, is erroneous, in a prosecution where intent is an essential ingredient, if such instruction ignores the question of intent.

Prosecution for obtaining property by false pretenses. Error to the County Court of DeWitt county; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the May term, 1907. Reversed. Opinion filed April 21, 1908.

HERRICK & HERRICK, for plaintiff in error.

ARTHUR F. MILLER and JOHN FULLER, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Plaintiff in error was convicted in the County Court of DeWitt county of the offense as charged in the information, of obtaining property by false pretenses, and was sentenced to pay a fine of $100, and to imprisonment in the county jail for the period of ninety days.

The facts in the case as developed by the evidence, are substantially as follows: On or about March 28, 1904, one A. L. Day, at the solicitation of plaintiff in error, purchased some hogs to be delivered at Jenkins' Switch, in DeWitt county, for shipment by plaintiff in error to Bloomington, Illinois. For this purpose Day purchased from the prosecuting witness, Frank Cline, one hog, for which plaintiff in error was to pay said Cline at the rate of $5 per hundred pounds. The hog was delivered by Cline at Jenkins' Switch on April 1, 1904, and plaintiff in error then gave to James Cline, the father and agent of Frank Cline, a check on the State Bank of Clinton for the sum of $22 in payment for the hog. On the following day Cline presented the check to the bank for payment, when payment was refused by the bank for the reason that plaintiff in error had no funds on deposit in the bank to pay said check. It further appears that plaintiff in error had been buying hogs for some time prior to April 1, 1904, and had settled for purchases so made by checks drawn by him upon the State Bank of Clinton, under an arrangement with the cashier of said bank, whereby the checks were paid by the bank and charged to the account of plaintiff in error as overdrafts, when plaintiff in error had no funds on deposit in the bank. The books of the bank show that for several months prior to April 1, 1904, plaintiff in error had frequently overdrawn his account at the bank in amounts varying

from $300 to $800, and that on March 29, 1904, the account of plaintiff in error with the bank was balanced. It further appears from the evidence, that plaintiff in error was never notified by any of the officers of the bank that his checks drawn thereon would not be paid by it.

A careful consideration of the evidence persuades us that it does not justify the conviction of plaintiff in error of the offense charged.

The court erred in not permitting plaintiff in error to testify as to what his intention was in giving the check to Cline. The section of the statute upon which this prosecution is predicated makes the intent of the party charged, of the essence of the offense. Rev. Stat. 1905, chap. 38, sec 96. In Wohlford v. The People, 148 Ill. 296, it was held that when the intent is of the essence of the offense, or an important element constituting the offense, the defendant has the right to testify to what his intention was in the commission of the act with which he is charged.

Notwithstanding the fact that the rules of law applicable to the case at bar are simple and capable of being given to the jury in a very few instructions the trial court gave to the jury thirty-one instructions at the instance of defendant in error and twenty-three instructions at the instance of plaintiff in error. The practice of encumbering the record with so many inapplicable and repetitious instructions is a vicious one and should be discouraged. Dunn v. The People, 109 Ill. 635; Hayner v. The People, 213 Ill. 142; Roberts v. The People, 226 Ill. 296.

It would serve no useful purpose, and would extend this opinion to needless length, to comment upon the instructions *seriatim*. The third instruction, given at the instance of defendant in error, omits an essential element in the rule attempted to be stated. A person is only presumed to intend the natural and probable consequences of his purposed or deliberate act.

The twenty-fifth instruction given at the instance of defendant in error is palpably erroneous in excluding the element of intent of plaintiff in error to defraud Cline. Many of the other instructions given on behalf of defendant in error are mere repetitions of other given instructions.

The judgment of the County Court will be reversed but the cause will not be remanded.

*Reversed.*