[Criminal No. 270.   Filed March 20, 1909.]

[100 Pac. 770.]

## ALBERT RYAN, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. ASSAULT AND BATTERY—ASSAULT WITH DEADLY WEAPON.—Where the
representative of a labor organization went to the property of a
mining company, threatened to close down the work, and endeav-
ored to induce the miners to leave, he was a trespasser, and the
company's superintendent, upon his refusal to leave the premises,
had the right to eject him by reasonable force, which he was not
entitled to resist, and if he refused to leave, but drew and pointed
a loaded revolver at the superintendent to enforce his demand that
the superintendent drop a steel rod carried in his hand, and which
he was not attempting to use as a weapon, the act would constitute
an assault with a deadly weapon.

2. CRIMINAL LAW—ADMISSIBILITY OF EVIDENCE—INTENT.—Though where
intent is material, the jury may infer it from the circumstances
connected with accused's act, accused may also testify directly as
to what his intent, belief, or motive was at the time.

3. ASSAULT AND BATTERY—ASSAULT WITH DEADLY WEAPON—EVIDENCE
OF INTENT.—In a prosecution for assault with a deadly weapon,
where accused claimed that he had drawn and pointed a loaded
revolver in self-defense to resist threatened unnecessary force in
ejecting him as a trespasser, he could testify directly as to his
motives in drawing the revolver, in support of his theory of self-
defense, regardless of whether the actual intent be the gist of the
offense.

APPEAL from a judgment of the District Court of the
Fourth Judicial District, in and for the County of Yavapai.
Richard E. Sloan, Judge.   Reversed and remanded.

The facts are stated in the opinion.

Ross & Sullivan, for Appellant.

A. C. Baker, and Wm. B. Cleary, of Counsel.

Under the statute it was absolutely necessary for the jury to be convinced of the fact that Ryan made an attempt to use the revolver to inflict a violent injury upon the person of Burns. *People* v. *Sylva,* 143 Cal. 62, 76 Pac. 814; *State* v. *Godfrey,* 17 Or. 300, 11 Am. St. Rep. 830, 20 Pac. 625; *People* v. *Dodel,* 77 Cal. 293, 10 Pac. 484.

At common law as well as under our express statute a person has the same right of self-defense in defending himself from great bodily injury as he has in defending his life. Pen. Code, par. 181, Rev. Stats. Ariz.; 25 Ency. of Law, p. 263.

Under the old rule which excluded the testimony of the parties in interest, a person's intention could only be ascertained or inferred from his acts and words at the time in question. That rule is now abrogated and the party is now entitled to testify what his intention was in doing the act in explanation of the act. *People* v. *Farrell,* 31 Cal. 576; 1 Wigmore on Evidence, par. 581; *People* v. *McMakin,* 8 Cal. 547.

E. S. Clark, Attorney General, for the Territory.

CAMPBELL, J.—Appellant was convicted of the crime of assault with a deadly weapon. The circumstances surrounding the commission of the offense, as they appear from the testimony of the witnesses for the territory, are that Ryan went to the mining property of the Arkansas and Arizona Copper Company as the representative of a labor organization, threatened to close down the work at the mines, and endeavored to induce the miners there employed to leave their employment. While so upon the property of the mining company, its superintendent in charge, one Frank Burns, repeatedly ordered him to leave the premises, which he refused to do. Burns, to enforce his order, walked toward Ryan, carrying in his right hand, at the side, a bar of steel one inch in diameter, and twenty-four inches in length. Ryan backed away from Burns for some distance, when,

stepping into a slight depression, he stumbled and partially fell, and, as he recovered, drew from his pocket a loaded revolver which he pointed at Burns, at the same time directing him to throw down the steel, telling him that he was prepared to protect himself. Burns complied with the direction as to disposing of the steel. Thereafter the defendant left the premises of the mining company. The defendant, however, testified that Burns, instead of carrying the bar of steel at his side, as claimed by him, had it upraised as though he were about to strike him with it, although he was not forcibly resisting ejectment, and that at the time he drew the revolver Burns was rushing upon him and attempting to strike him with the steel, at the same time calling him a vile name, and telling him he would kill him. The defendant, after having testified as thus indicated, was asked the following question: ''Please tell the jury why you drew the gun at that time.'' The district attorney objected to the question, which objection was sustained by the court, with the remark that it was for the jury to say whether the circumstances were such as to justify the drawing of the gun. The following question was also asked the defendant: ''Did you have any intention, at any time, of injuring Mr. Burns in any way, shape, or form?'' An objection to this question was also sustained, for the reason, as stated by the court, that ''he has already stated that. The intent is to be inferred from the facts and circumstances. They are all disclosed to the jury. I think that is sufficient.'' Appellant assigns both rulings as error. He also challenges the sufficiency of the evidence, on the part of the prosecution, to warrant a conviction. Upon this latter point we entertain no doubt. The defendant was a trespasser of the most aggravating character. The superintendent of the mine was well within his rights in ordering him off the premises, and, upon his refusal to go, in ejecting him. In ejecting him, however, he was not justified in using unnecessary force, but, so long as he used only reasonable force and means to eject him, Ryan was not entitled to resist. If, as claimed by Burns, he was not making, or offering to make, use of the steel bar as a weapon, Ryan's act in drawing and pointing the revolver for the purpose of enforcing his command that Burns drop the steel was wholly unjustifiable. If it be true, as contended by appellant, that

in order to constitute the offense of assault, Ryan must have entertained an intention to shoot Burns if his demand was not complied with, we think the jury was justified in inferring from his conduct that he had that intent.

There is a diversity of opinion upon the question whether, where a loaded revolver is drawn and presented, accompanied by remarks which indicate an intention to fire it, so that the person at whom it is presented may reasonably fear that such use will be made of it, the actual intent harbored by the accused is at all material. Many authorities hold that an assault is committed, regardless of whether there was any intent to shoot, while others hold that the intent with which the weapon is drawn and pointed is the gist of the action, and that a conviction of assault is not justified in the absence of an actual intention to fire the weapon, or the intent to fire, if certain demands are not complied with. When intent is material, the jury is authorized to infer it from the circumstances connected with the act; and, while there are some authorities which hold, with the trial court, that the intent of the accused is to be inferred only from the facts and circumstances surrounding the commission of the act, we think that the better rule is that the defendant is entitled, where intent or belief or motive is material, to testify directly what his intent, belief, or motive was at the time he committed the act. 1 Wigmore on Evidence, sec. 581; *Wallace* v. *United States,* 160 U. S. 466, 16 Sup. Ct. 859, 40 L. Ed. 1039; *Crawford* v. *United States,* 212 U. S. 183, 29 Sup. Ct. 260, 53 L. Ed. 465; *Wohlford* v. *People,* 148 Ill. 296, 36 N. E. 107.

We do not find it necessary to determine whether or not it is material that Ryan harbored the intent to injure Burns, for the reason that, aside from the question of criminality in unjustifiably drawing and pointing a loaded weapon, there is involved in this case the element of self-defense, to which the question first indicated apparently was addressed. The defendant was entitled to present to the jury his version of the occurrence. His testimony was such that, if true, he had a right to resist the unnecessary force which Burns threatened to visit upon him in exercising his right to eject him from the premises, and if he was in danger of losing his life, or of sustaining great bodily injury, or the circumstances were such that it reasonably seemed to him that he was in such

danger, and that it was necessary to preserve his life or his person from such violence by drawing the revolver and pointing it at Burns, the act did not constitute an assault, because it was in self-defense, and therefore not unlawful. If the facts as to the threatened use of unnecessary force and violence by Burns were as testified to by the defendant, the belief entertained by him as to the imminence of danger and his intent in drawing the weapon were material. The situation testified to by the defendant is not unlike that in *Wallace* v. *United States, supra.* There the defendant was tried for murder. He had testified that just before he fired the fatal shot the deceased had made a demonstration toward him, saying, "Damn you, I will kill you," and, upon objection, was not permitted to state what, from the demonstration, he believed the deceased was about to do. The supreme court held that it was error to exclude the testimony.

In *Wohlford* v. *People, supra,* the defendant was on trial for an assault with a deadly weapon, and testimony as to why he used the weapon in the manner in which he did use it, and whether he in fact intended to do his adversary any bodily injury other than in self-defense, was excluded. The supreme court of Illinois, in discussing the subject, says: "Where the intent is of the essence of the offense, or an important element constituting the offense, we think a defendant has the right to testify what his intention was in the commission of the act with which he is charged. What credit should be given to a defendant's evidence in this regard would be a matter for the consideration of the jury." The territory contends that the defendant was permitted to give testimony from which his intentions and motives may be inferred. In *Crawford* v. *United States, supra,* a recent case, decided February 1, 1909, the supreme court of the United States had before it the question of whether the defendant should have been permitted to directly testify as to his motives or intentions in removing certain letters from their files. The contention of the government was that the letters had been surreptitiously removed, with the intention of preventing their use as evidence. The defendant offered to testify what his real motives were, but was refused that privilege. The court of appeals held the error harmless, because from other testimony given by him he had made clear his reasons for re-

moving the letters; but the supreme court, in reversing the judgment of conviction, say: "There may have been testimony sometime during the trial, inferences might possibly have been drawn as to the motive or intent with which those letters were taken, but instead of testimony from which such inferences might have been drawn, the defendant was entitled to state directly on oath to the jury what that intention was, and what were the motives which induced him to take the letters." So here we are of the opinion that under the circumstances of this case the defendant was entitled to directly testify and explain his motives for drawing the revolver at the time he did draw it.

Counsel for appellant have assigned other rulings of the trial court as error, but since the same matters are not likely to arise upon retrial, we do not find it necessary to discuss them.

The judgment of the district court is reversed, and the cause remanded for a new trial.

KENT, C. J., and NAVE, J., concur.   DOAN, J., dissents.

NOTE.—As to right of one to testify as to his intent, see note to Jarrell v. Young S. F. Co. (Md.), 23 L. R. A., N. S., 367.