[Criminal No. 676. Filed June 30, 1928.]

[268 Pac. 615.]

W. C. RICHARDSON, Appellant, v. STATE, Respondent.

Mr. Dodd L. Greer and Mr. Isaac Barth, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. Frank J. Duffy, Assistant Attorney General, for the State.

ROSS, C. J. — W. C. Richardson, the appellant, prosecutes this appeal from a judgment of conviction of an assault with a deadly weapon, alleged to have been committed in Apache county on or about May 23, 1927.

He first says the whole trial was without jurisdiction because the information did not state facts sufficient to constitute a public offense. The information, stripped of all qualifying adjectives and jurisdictional allegations of time and place, is as follows:

"The defendant did make an assault in and upon the person of one Albert Thompson with a certain deadly weapon, to wit, a loaded rifle."

It is said that whether there was an assault or not depends upon the facts, and that such facts should have been alleged, as that defendant attempted to strike Thompson with the rifle, or pointed the loaded rifle at him, or discharged it near or toward him in an attempt to inflict a violent injury on the person of

Thompson. But these are implied from the use of the word "assault," which means, according to the statutory definition, "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Pen. Code 1913, § 207. The present ability and the intent are probative facts to be proved on the trial, and need not be alleged in the information or indictment. *Brimhall* v. *State,* 31 Ariz. 522, 53 A. L. R. 231, 255 Pac. 165.

We think the information stated a public offense, and the court did not err in admitting evidence thereunder or in proceeding with the trial.

The defendant was a witness in his own behalf, and on his cross-examination by the county attorney testified as follows:

"Q. And you put a loaded bullet in the gun? A. Yes, sir.

"Q. And you shot it at Thompson? A. Yes, sir.

"Q. And you shot to kill? A. No, sir."

On his redirect examination he was asked by his attorney to state why he used the rifle in the manner in which he did, and, upon objection of the county attorney, he was not permitted to explain or give his reasons for firing the gun. The grounds of objection were that it was improper redirect, self-serving, and called for a conclusion of the witness. The particular ground upon which the court sustained the objection does not appear. Clearly under the decisions of this court the reason why defendant fired the shot, when explained from his viewpoint, is not self-serving, nor is it considered a conclusion of the witness. *Ryan* v. *Territory,* 12 Ariz. 208, 100 Pac. 770; *Ayers* v. *State,* 20 Ariz. 189, 178 Pac. 782. In the former case we said:

"Where intent or belief or motive is material," the defendant "is entitled . . . to testify directly what his intent, belief, or motive was at the time he committed the act."

The court's ruling can be sustained, if at all, only on the ground that the question was not proper redirect. It is said:

"The proper function of the redirect examination is to rebut matter brought out on cross-examination, or to avoid the effect of such matters, and it may be said generally that any line of examination legitimately tending to have such effect is proper." 40 Cyc. 2520, 2521.

We do not know what the witness' answer would have been, but on his cross-examination he had admitted loading his rifle and shooting it at the prosecuting witness, saying, however, that he did not shoot to kill. The fact remains that the parties were but a few feet apart—Thompson armed with a revolver and the defendant with a rifle, and the latter standing upon his own premises when he fired. He says he did not intend to kill, and we think he should have been permitted to state why he shot.

It is also in evidence that Thompson on this particular occasion went to where the defendant was, on the latter's premises, and began a conversation which led to the more serious trouble. Defendant started toward Thompson and the latter drew a revolver. It was then the defendant retreated into his house and got the rifle. Under the circumstances, it would seem defendant should have been given an opportunity to explain why he shot, and, if he did not shoot to kill, his reason for shooting.

Nor do we think this right should be conditioned upon the mere order of its offering. The order of evidence is a matter in the discretion of the court, but such discretion should always be liberally exercised with a view of allowing one charged with crime an opportunity to exculpate himself, if possible, by showing that his act was innocent rather than criminal.

Some complaint is made of the court's instructions wherein the defendant's acts were characterized as "assaults." Defendant claimed he was acting in self-defense, and that what he did was necessary for his own protection. Whether that is true or not was a question of fact for the jury and not for the court. It was therefore error to refer to defendant's acts as "assaults," but in this case not reversible; it appearing that the same looseness of expression occurred in instructions requested by, and given at the instance of, defendant.

The judgment of conviction is reversed, on the error the court committed in not permitting the defendant to explain why he used the gun in the manner he did, with directions that defendant be granted a new trial.

LOCKWOOD and McALISTER, JJ., concur.