[Crim. No. 3802.   Second Dist., Div. Two.   Oct. 5, 1944.]

THE PEOPLE, Respondent, v. CLIFTON P. JOHNSON, Appellant.

Walter L. Gordon, Jr., for Appellant.

Robert W. Kenny, Attorney General, and Carl S. Kegley, Deputy Attorney General, for Respondent.

WOOD (W. J.), J.—Defendant was convicted of the unlawful possession of flowering tops and leaves of Indian hemp, commonly called marihuana, in violation of section 11160 of the Health and Safety Code.   He has appealed from the judgment of conviction.

Police Officer F. H. Duede of the narcotic detail testified that he and Officer Rapattoni went to a hotel at 747½ South Central Avenue in Los Angeles on the night of September

16, 1943, in the line of duty. They watched room 19 of this hotel and saw defendant and one Edward Robinson leave the room. The officer heard Robinson say, "There is someone standing in front." He then saw defendant's hand emerge from his trouser pocket and an object drop to the floor which appeared to be a cigarette. Duede picked up this object, which according to stipulation, was found to be marihuana, the possession of which is prohibited by the Health and Safety Code. Defendant was asked where he got the cigarette and he replied that it had been given to him by a friend. The two officers then searched room 19, which was Robinson's, and found eight more marihuana cigarettes in the pockets of a pair of trousers hanging in the clothes closet. Robinson was found guilty of the unlawful possession of marihuana in a separate action.

It is contended by defendant that the evidence is insufficient to sustain the conviction and particularly that "there is no evidence in the record that shows that the defendant had any knowledge of the contents of the cigarette." There is no merit in this contention. "Neither intent nor knowledge is an element of this offense. The mere possession is a violation of the act." *(People* v. *Randolph,* 133 Cal.App. 192, 196 [23 P.2d 777].) See, also, *People* v. *Le Baron,* 92 Cal.App. 550, 568 [268 P. 615, 269 P. 476].)

Defendant also contends that he was prejudiced by the giving of the following instruction: "You are instructed that possession may be of two kinds, namely, actual possession and constructive possession. Actual possession exists when the person has the actual control or dominion over a thing, and constructive possession exists when a person has the right to possession or control, either individually or through an agent. An agent's possession is the possession of the owner. If two or more persons have in their joint possession *marihuana,* or narcotics of any kind or character, then the possession, control or ownership of one of the persons so engaged, constitutes possession, ownership and control for each and all of any such persons." It is argued that no evidence was before the jury from which they could conclude that defendant was the agent of Robinson or that defendant and Robinson were in joint control of the marihuana.

Assuming that respondent is in error in arguing that the jury could reasonably find agency in the present action, we

are satisfied that the judgment should not be reversed because of the giving of the criticized instruction. The court instructed the jury that the applicability of some of the instructions depended upon the light in which the jury viewed the evidence. The court specifically instructed the jury: "If any instruction is applicable only if a particular situation or state of facts exists, and if you find that no such situation or state of facts exists, then you should not take such instructions into consideration in your deliberations." We are satisfied that the jury was not confused or misled by the giving of the questioned instruction and that there has been no miscarriage of justice.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.