398 P.2d 551.

**STATE of Arizona, Appellee,**

v.

**Ishmael MONTIJO, Appellant.**

**No. 1543.**

Supreme Court of Arizona.

In Division.

Jan. 27, 1965.

Robert Pickrell, Atty. Gen., and Richard J. Riley, County Atty., by Lyle R. Allen, Deputy County Atty., for appellee.

Robert L. Hazen, Sierra Vista, for appellant.

BERNSTEIN, Justice.

Appellant was charged with aggravated assault and aggravated battery. He pleaded not guilty and was tried and convicted by a jury. He was represented by counsel at the trial. Defendant was sentenced to an indeterminate term of from three years, six months to six years.

Defendant and the complaining witness were in a tavern. Defendant testified both had been drinking. The complaining witness had been playing a bowling game with someone other than defendant and had been in an argument with the person with whom he was playing, as to who had won the game. Although the sequence of events is not completely clear the jury could have found from the testimony of the parties and eyewitnesses that defendant, whom complaining witness had neither met nor spoken to, struck complaining witness in the nose and knocked him down. The complaining witness sat down on a bar stool and after a few minutes started toward the defendant in a belligerent manner. Defendant got up from his stool and again fought with the complaining witness in the middle of the room. Defendant knocked the complaining witness down again and kicked him several times in the head and chest while the complaining witness was on the floor. As a result of the altercation the complaining witness lost 14 teeth, had eight stitches taken in his lips and was unable to go to work for two weeks because of his injuries.

Defendant, a professional prize fighter, admitted striking the complaining witness but contended the fight was started by the complaining witness. He asserted he acted in self defense. He admitted kicking the complaining witness while the witness was on the floor and under cross examination gave as his excuse:

"A *No, I wasn't afraid,* I just said I wasn't about to let him up if he was going to get up and hit me, why be able to—why let a man get up when nobody lets me up when I get down, in case they get you down." (Emphasis added)

\* \* \* \* \* \*

"Q So you were going to fix him so he wouldn't get up?

"A That's right. \* \* \*"

 The trial judge's instructions to the jury included an instruction on the effect of voluntary intoxication and on self defense. The instructions were proper and the jury could have properly concluded that the defendant used a greater degree of force than was necessary to accomplish the lawful purpose of self defense. A.R.S. § 13–246. Whether a greater degree of force than necessary was used is a question for the jury, Richardson v. State, 34 Ariz. 139, 268 P. 615. Defendant was admittedly not afraid and the fears of a reasonable person of great bodily harm or death is one of the circumstances necessary to successfully support a plea of self defense. State v. Fields, 92 Ariz. 53, 373 P.2d 363.

Appellant filed his notice of appeal in propria persona and counsel was appointed by the trial court pursuant to A.R.S. § 13–161, to handle the appeal. Counsel advised this Court by written communication that he had searched the record and was unable to find grounds upon which the appeal could be based. This Court ordered the appeal be submitted. On examination of the record, including the transcript of testimony, we find no reversible error. State v. Burrell, 96 Ariz. 233, 393 P.2d 921.

Affirmed.

LOCKWOOD, C. J., and UDALL, J., concur.