[Criminal No. 172.  Filed March 26, 1904.]
[76 Pac. 636.]

## JOSIAH ANDERSON, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. STATUTES—ADOPTED—CONSTRUCTION BY PARENT STATE MUST HAVE BEEN SETTLED TO BE BINDING.—A state adopting a statute from a foreign state adopts it with the construction placed upon it by the supreme court of said foreign state prior to its adoption, only where such construction is settled.

2. CRIMINAL LAW—HOMICIDE—BURDEN OF PROOF—ALWAYS ON PROSECUTION—NEVER SHIFTS TO DEFENDANT—INNOCENCE—PRESUMPTION—EVIDENCE—REV. STATS. ARIZ. 1901, PEN. CODE, SEC. 933, REV. STATS. ARIZ. 1887, PEN. CODE, SEC. 1655, CONSTRUED.—Section 933, *supra,* provides: "Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed amounts only to manslaughter or that the defendant was justifiable or excusable. . . . " Upon a trial for murder the court charged the jury that it was necessary for the defendant to establish his claim of self-defense "by a preponderance of the evidence." *Held,* that this charge was erroneous, as the presumption of innocence is always with defendant until a verdict of guilty is returned, and under section 933, *supra,* it is only incumbent upon the defendant to produce such proof as will raise a reasonable doubt in the minds of the jury whether or not the killing was justifiable or excusable.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Edward Kent, Judge. Reversed.

The facts are stated in the opinion.

Street & Alexander, for Appellant.

The court below erred in instructing the jury that upon the defendant's admission of the killing, though in self-defense, the burden of proving by a preponderance of the evidence circumstances of mitigation or that justified or excused the homicide devolved upon the defendant. The burden of proof never shifts from the state to the defendant, the former must make out its case throughout beyond a reasonable doubt that the defendant is guilty. *People* v. *Bushton,* 80 Cal. 160, 22 Pac. 127, 549; *People* v. *Elliott,* 80 Cal. 296, 22 Pac. 207; *People* v. *Lanagan,* 81 Cal. 143, 22 Pac. 482; *People* v. *Powell,* 87 Cal. 348, 25 Pac. 481, 11 L. R. A. 75; *People* v. *Marshall,* 112 Cal. 423, 44 Pac. 718; *Perry* v. *State,* 44 Tex. 473; *Brown* v. *State,* 4 Tex. Crim. App. 398; *Ainsworth* v. *State,* 8 Tex. Crim. App. 532; *Henson* v. *State,* 112 Ala. 47, 21 South. 79; *Davis* v. *United States,* 160 U. S. 469, 16 Sup. Ct. 353; 75 Am. St. Rep. 529, 59 Pac. 175; *Territory* v. *Lucero,* 8 N. Mex. 543, 46 Pac. 22; *Tweedy* v. *State,* 5 Iowa, 437 *Clark* v. *State,* 159 Ind. 60, 64 N. E. 589.

E. W. Wells, Attorney-General, and A. C. Baker, District Attorney, and G. P. Bullard, for Respondent.

The weight of authority in states having statutes similar to paragraph 933 of our Penal Code is to the effect that where the burden of proof rests upon the defendant in cases of homicide to prove matters in mitigation and justification of the killing that he must make such proof by a preponderance of the evidence, and that an instruction to that effect is not erroneous. *People* v. *Callaghan,* 4 Utah, 49, 6 Pac. 52; *People* v. *Tidwell,* 5 Utah, 88, 12 Pac. 638; *State* v. *McIntosh,* 40 S. C. 349, 18 S. E. 1038; *State* v. *Bodie,* 33 S. C. 117, 11 S. E. 626; *State* v. *Welch,* 29 S. C. 4, 6 S. E. 894; *State* v. *Bellou,* 20 R. I. 607, 40 Atl. 861; *People* v. *Dillon,* 8 Utah, 92, 30 Pac. 150; *Silvus* v. *State,* 22 Ohio St. 90; *State* v. *Lewis,* 20 Nev. 333, 22 Pac. 241.

SLOAN, J.—The appellant, Josiah Anderson, was indicted and tried in the court below on the charge of murder. He was convicted of manslaughter, and sentenced to serve a term in the territorial prison. From the judgment of conviction, and from the order of the court denying his motion for a new trial appellant has appealed.

Among other instructions, the trial court gave the following: "In every crime or public offense, there must exist a union or joint operation of act and intent, or criminal negligence; but, where the act committed by the accused is of itself an unlawful act, the law, in the first instance, presumes the criminal intent, and the *onus* or burden of proof falls upon the defendant to show the absence of criminal intent. In this case, if you find from the evidence that the defendant fired the fatal shot, then the burden of proving the circumstances of mitigation, or that justify or excuse the homicide, devolves upon the defendant, unless proof upon the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justified or excusable. It is for the prosecution, gentlemen, to make out their case beyond a reasonble doubt. It is for the defendant to make out the circumstances of justification—that is, the claim that he makes of self-defense—but the defendant does not have to make that out beyond a reasonable doubt, as must the prosecution to establish the facts of the killing, but it is only necessary for the defendant to establish that in your mind by a preponderance of the evidence." This instruction is assigned as error, and a consideration of its correctness will form the substance of this opinion.

Section 933 of the Penal Code reads: "Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable." Said section first appeared in the statutes of the territory in the revision of 1887, and is an exact rescript of section 1105 of the Penal Code of California. This being so, if the supreme court of that state had given a settled construction to this statute prior to its adoption by the legislature of this territory, this settled con-

struction would be binding upon us. We find, however, that
the reported cases show a decided conflict of view upon the
question as to whether the statute is to be construed as re-
quiring a defendant, under charge of murder, to prove cir-
cumstances of mitigation or excuse by a preponderance of
the evidence. In the case of *People* v. *Smith,* 59 Cal. 601,
the supreme court held the following instruction to be er-
roneous: "Upon a trial for murder, the commission of the
homicide by the defendant being proved, the burden of
proving circumstances of mitigation, or that justify or ex-
cuse it, devolves upon him, unless the proof on the part of
the prosecution tends to show that the crime committed
only amounts to manslaughter, or that the defendant was
justifiable or excusable, and this he may show by a pre-
ponderance of the evidence, merely. By a 'preponderance
of the evidence' is meant that degree of proof which in-
duces the mind of a reasonable man to believe one side of
an issue in preference to the other." In the case of
*People* v. *Flanagan,* 60 Cal. 3, 44 Am. Rep. 52, the court
held that an instruction which stated that, to justify a
homicide upon the ground of necessary defense of one's
property, it must be made to appear by a preponderance
of the testimony that such justification existed, was error.
In the opinion the court quoted with approval from the
case of *Stokes v. People,* 53 N. Y. 181, 13 Am. Rep. 492,
the following language: "It is a cardinal rule in criminal
prosecutions that the burden of proof rests upon the prose-
cutor, and that if, on the whole evidence, including that of
the defense as well as of the prosecution, the jury entertain
a reasonable doubt of the guilt of the accused, he is en-
titled to the benefit of that doubt. The jury must be satis-
fied, on the whole evidence, of the guilt of the accused;
and it is clear error to charge them, when the prosecution
has made out a *prima facie* case, and evidence has been
introduced tending to show a defense, that they must con-
vict unless they are satisfied of the truth of the defense.
Such a charge throws the burden of proof upon the prisoner,
and subjects him to a conviction, though the evidence on
his part may have created a reasonable doubt in the minds
of the jury as to his guilt." In the case of *People* v.
*Hong Ah Duck,* 61 Cal. 388, the same court construed

section 1105 of the Penal Code as requiring the proof of circumstances of mitigation or excuse by a preponderance of the evidence, when the case, as made out by the prosecution, does not tend to show circumstances of mitigation or excuse. In the opinion in this case no mention is made of the cases of *People* v. *Flanagan* and *People* v. *Smith*. In the case of *People* v. *Raten*, 63 Cal. 422, the court followed with approval the case of *People* v. *Hong Ah Duck*, without comment. From these conflicting decisions, we cannot say that section 933 had been given a settled construction by the supreme court of California prior to its adoption. The case of *People v. Knapp*, 71 Cal. 1, 11 Pac. 793, cited in the brief of the respondent, was not published until after the Penal Code of 1887 had been enacted, and hence is not to be regarded in this connection. In *People* v. *Bushton*, 80 Cal. 160, 22 Pac. 127, 549, in a well-considered opinion, the supreme court of California, following *People* v. *Flanagan* and *People* v. *Smith*, held that that court, in *People* v. *Hong Ah Duck*, had given an erroneous construction to said section 1105 of the Penal Code, and that a defendant, under the statute, is only required to produce such evidence as will create in the minds of the jury a reasonable doubt of his guilt, and that it makes no difference whether this reasonable doubt be the result of evidence on the part of the prosecution, tending to show circumstances of mitigation or excuse, or arises from evidence coming from the defendant. The doctrine announced in *People* v. *Bushton* has been since followed, and appears to be the settled law of the state. We are in full accord with this view of the statute.

An examination shows that the statute does not mention the *quantum* of proof required of the defendant where the burden is cast upon him of showing circumstances of mitigation or excuse. It is based upon the common-law doctrine that one is presumed to intend the reasonable and probable consequences of his act, and that, where the act is unlawful, the criminal intent is inferred. It must, however, be read in the light of that other presumption which lies at the very foundation of criminal law—that of innocence, which attaches to a defendant as a sufficient shield until his guilt is established to the satisfaction of the jury, and beyond any reasonable doubt. As expressed by Mr.

Justice White in *Coffin* v. *United States,* 156 U. S. 459, 15
Sup. Ct. 405, 39 L. Ed. 481: "This presumption is an in-
strument of proof created by the law in favor of the accused,
whereby his innocence is established until sufficient evidence
is introduced to overcome the proof which the law has
created. This presumption, on the one hand, supplemented
by any other evidence he may adduce, and the evidence
against him, on the other, constitute the elements from
which the legal conclusion of his guilt or innocence is to
be drawn."

Again, is it a reasonable construction to give to the statute
that a defendant is entitled to an acquittal where the evi-
dence on the part of the prosecution raises a reasonable
doubt whether he was justifiable or excusable in the com-
mission of the homicide, but that he is not entitled to an
acquittal where he seeks to justify or excuse the homicide,
and no proof of justification or excuse is put in by the
prosecution, unless he establishes circumstances of mitiga-
tion or excuse by a preponderance of the proof? Why should
it be sufficient that a reasonable doubt exists in the one case,
and insufficient in the other? What can it matter to the law
whence or by whom or by what evidence the reasonable doubt
is raised? Why should the law be regardful of the source of
the reasonable doubt—whether it originate in the evidence of
the prosecution or in the evidence of the defense—provided
it exists in the minds of the jury? It seems to us more
reasonable to hold that the statute means that, where a
*prima facie* case is made out, the defense must prove cir-
cumstances of mitigation or excuse sufficient to raise a rea-
sonable doubt in the minds of the jury. As we have seen,
this is now the rule applied by the supreme court of the
state of California. The same rule was earlier applied by
the supreme court of Nevada under a similar statute.
*State* v. *McCluer,* 5 Nev. 132. In a recent case the su-
preme court of Montana, departing from its former rulings,
has given a like construction to a similar statute. In fact,
it would be easy to show that the trend of modern decisions
is in favor of this construction.

In the case of *Davis* v. *United States,* 160 U. S. 469, 16
Sup. Ct. 353, 40 L. Ed. 499, the supreme court of the United
States uses this language: "Strictly speaking, the burden

of proof, as those words are understood in criminal law, is never upon the accused to establish his innocence, or to disprove the facts necessary to establish the crime for which he is indicted. It is on the prosecution from the beginning to the end of the trial and applies to every element necessary to constitute the crime. Giving to the prosecution, where the defense is insanity, the benefit, in the way of proof, of the presumption in favor of sanity, the vital question from the time the plea of not guilty is entered until the return of the verdict is whether, upon all the evidence, by whatever side adduced, guilt is established beyond reasonable doubt.'' The principle has been admirably stated by the supreme court of Alabama in these words: ''In a civil action, if the plaintiff established a *prima facie* case, the burden of proof is thereby shifted, and he is entitled to recover unless his *prima facie* case is destroyed by proof from defendant; but in a criminal case the state is required to prove, beyond all reasonable doubt, the facts which constitute the offense. The establishment of a *prima facie* case only does not take away the presumption of the defendant's innocence.'' *Ogletree* v. *State,* 28 Ala. 693.

Upon principle, to hold that a defendant, in order to justify a homicide with which he is charged, upon the grounds of self-defense, must prove such justification by a preponderance of the proof in any case, would be to relieve the prosecution from proving all facts and circumstances constituting the offense beyond a reasonable doubt. Malice is as much an essential element in the crime of homicide as is the killing. Both must be proven to the satisfaction of the jury, and beyond all reasonable doubt. As was said by Mr. Justice Harlan in the Davis case, ''No man should be deprived of his life under the forms of law unless the jurors who try him are able, upon their consciences, to say that the evidence before them, by whomsoever adduced, is sufficient to show beyond a reasonable doubt the existence of every fact necessary to constitute the crime charged.''

As we have said, to hold that the jury, while entertaining a reasonable doubt whether or not the defendant acted in self-defense, might yet find him guilty because they are unable to find, by a preponderance of the proof, that he so acted, is, in effect, to deprive the defendant of the benefit

of a reasonable doubt—one of the essential facts put in issue under his plea of not guilty—and to nullify the presumption of innocence which attaches to him at every stage of the case until a verdict of. guilty is returned by the jury. The instruction complained of is erroneous in the particular that it charged the jury that it was ·necessary for the defendant to establish his claim of self-defense "by a. preponderance of the evidence." We hold that, under section 933, it is only incumbent upon the defendant to produce such proof as will raise a reasonable doubt in the minds of the jury whether or not the killing was justifiable or excusable.

Numerous other assignments of error are made by the appellant in his brief. We find, however, no reversible error in the record, apart from the giving of the erroneous instruction above stated.

Judgment is reversed, and the cause remanded for a new trial.

DAVIS, J., and DOAN, J., concur.