[Criminal No. 268.   Filed March 20, 1909.]

[100 Pac. 455.]

## J. H. BRYANT, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW — INSTRUCTIONS — BURDEN OF PROOF.—Where, in a prosecution for homicide, the court charged that accused could not be convicted unless the evidence excluded every reasonable hypothesis but that of guilt; that, no matter how strong the circumstances were, they did not constitute proof required by law if they could be reasonably reconciled with the theory that defendant acted in self-defense; that defendant was presumed innocent; and that such presumption remained until overcome by evidence satisfying the jury beyond reasonable doubt of his guilt—an instruction in the language of Penal Code of 1901, section 933, that, the commission of homicide by defendant being proved, the burden of proving mitigating circumstances justifying or excusing it was on defendant, unless the proof on the part of the prosecution tended to show that the crime committed amounted only to manslaughter, or that defendant was justifiable or excusable, was proper.

2. HOMICIDE—SELF-DEFENSE—INSTRUCTIONS.—An instruction in the language of Penal Code of 1901, sections 181, 182, that belief by accused of great bodily injury or loss of life, in order to constitute self-defense, must have been such as would have been sufficient to excite the fears of a reasonable person, and that a bare fear of the commission of the violence to prevent which a homicide may be lawfully committed *is not* sufficient to justify it, but the circumstances must be sufficient to excite the fears of a reasonable person, and the party killing must have acted under the influence of such fears alone, was proper.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima.   John H. Campbell, Judge.   Affirmed.

The facts are stated in the opinion.

Geo. E. Tralles, for Appellant.

The courts have time and again held that an instruction requiring the defendant to establish the facts by a preponderance of the evidence, or to the satisfaction of the jury, is erroneous.  *Anderson* v. *Territory*, 9 Ariz. 50, 76 Pac. 636;

*People* v. *West,* 49 Cal. 610; *People* v. *Elliott,* 80 Cal. 296, 22 Pac. 207.

When a person is assaulted and kills his assailant in alleged self-defense, the question to be determined is whether the slayer, under all the circumstances as they appeared to him, honestly believed that he was in imminent danger of losing his life or of suffering great bodily harm, and that it was necessary to do what he did in order to save himself from ·such apparent threatened danger; and not whether a reasonable man, or a man of reasonable courage, would have so believed; nor whether the jury would so believe. And if the slayer acted in honest fear of his life or great bodily harm, there is no question of reasonableness or unreasonableness, or of courage or cowardice; and it is immaterial whether he was a bold, strong man used to affrays and personal encounters, or a weak, timid one unacquainted therewith, and liable to imagine danger which did not actually exist. Wharton on Homicide, 3d ed., sec. 286; *Allen* v. *United States,* 150 U. S. 551, 14 Sup. Ct. 196, 37 L. Ed. 1179; *Hickory* v. *United States,* 151 U. S. 303, 14 Sup. Ct. 334, 38 L. Ed. 170; *Stacy* v. *State,* 48 Tex. Cr. 95, 86 S. W. 327; *Adkins* v. *Commonwealth* (Ky.), 82 S. W. 242; *People* v. *Lennon,* 71 Mich. 298, 15 Am. St. Rep. 259, 38 N. W. 871.

E. S. Clark, Attorney General, for Territory.

DOAN, J.—The appellant, Bryant, was convicted of murder in the district court of Pima county, a motion for a new trial was denied, and he was sentenced to a term of imprisonment. From the judgment of conviction, and the denial of a motion for a new trial, he appeals.

The assignments of errors are based entirely upon the instructions of the court. Two instructions, to which the counsel for the defendant excepted, are presented to us for our consideration. The appellant claims that the court erred in instructing the jury that "upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation or that justify or excuse it devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant

was justifiable or excusable.'' This instruction is in the exact words of the statute. Pen. Code 1901, sec. 933. The appellant conceded the constitutionality of the statute, but urges the duty of the court to accompany such charge with a further instruction that the guilt of the defendant must be proved beyond a reasonable doubt on the whole case, and that the evidence necessary from the defendant to mitigate, justify, or excuse the act need only be sufficient to create in the mind of the jury a reasonable doubt of his guilt. The instructions of the court as set forth in the record show that the court in this instance did just what the appellant claims was incumbent upon it. The charge of the court, after defining the offense, says: ''The jury is instructed that the defendant should not be convicted unless the evidence excludes every reasonable hypothesis but that of the defendant's guilt. No matter how strong the circumstances are, they do not come up to the full measure of proof that the law requires if they can be reasonably reconciled with the theory that the defendant acted in self-defense. You are instructed that the defendant is presumed to be innocent, and this presumption remains and abides with him at every stage of the trial, and must prevail, unless overcome by evidence which satisfies your minds beyond a reasonable doubt of his guilt. The presumption of innocence is a fact in the case established by law, and you will consider it as you will any other fact in the case. This fact of the presumption of innocence is one established by law for the protection of the defendant, and you will consider the same in determining his guilt or innocence.'' The court then designated the different degrees of the offense of which the jury might, under the indictment, find the defendant guilty if the evidence should warrant, and then after thus instructing upon the degrees, being the different minor offenses of which the defendant might, under the indictment, if the evidence should warrant, be convicted instead of murder in the first degree, the court followed with the instruction assigned as error: ''Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation or that justify or excuse it devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant

was justifiable or excusable.'' This instruction as thus placed in the charge of the court was advisory to the jury, and was properly based upon and applied to the instructions that preceded it, and the jury were, as the appellant claims they should have been therein, fully instructed that the defendant should not be convicted unless the evidence should exclude every reasonable hypothesis but that of his guilt. They were likewise advised in strong language that the defendant was presumed to be innocent, that this presumption was a fact in the case established by law, and that this fact was for the protection of the defendant, and the jury should consider the same in determining his guilt or innocence. The instruction relative to the offense and the different degrees of the offense were all predicated upon the jury believing from the evidence beyond a reasonable doubt that the defendant killed the deceased unlawfully, feloniously, and unjustifiably, and that the killing was the result of malice. The instruction, when carefully read, qualifies itself. The burden of proving circumstances of mitigation, or that justify or excuse the killing, and of which the appellant complains, does not, in the language of the instruction, devolve upon the defendant until after the commission of the homicide has been proved, and according to the instruction theretofore given in this case, proved beyond a reasonable doubt, and does not then devolve upon the defendant, if the proof of the homicide, that has been made beyond a reasonable doubt to the satisfaction of the jury, tends to show that the crime committed only amounts to manslaughter, or that the killing of the deceased by the defendant was justifiable or excusable. In other words, it is equivalent to saying that not until after the commission of the homicide has been proved to the satisfaction of the jury beyond a reasonable doubt, and by evidence that neither shows nor even tends to show that the killing was justifiable or excusable, or without malice, does it become incumbent upon the defendant to prove mitigation, justification, or excuse, and it certainly cannot be said to be prejudicial to a defendant to charge that when the prosecution has made a *prima facie* case, and established it beyond a reasonable doubt, if it is desired by the defendant to have the jury take into consideration circumstances to mitigate the crime, if such homicide be a crime as proven, or to overcome the proof made and

justify or excuse the homicide that on the evidence already presented has been proved to be a crime, the burden of proving such circumstances devolves upon the defendant.

The entire charge of the court presented to the jury the theory that the guilt of the defendant must be established by the evidence to their satisfaction beyond a reasonable doubt, and is equivalent to saying to them that, in order to mitigate, justify, or excuse the act of the defendant, it was only incumbent upon the defense to produce such proof as would raise a reasonable doubt in the mind of the jury as to the defendant's guilt. In other words, there is nothing in the entire charge of the court that either tells the jury or would lead them to infer that it was incumbent upon the defendant to prove justifiable or excusable homicide beyond a reasonable doubt, or by the preponderance of the evidence, but the entire tenor of the instruction is equivalent to saying to them that, if such proof should raise in their minds a reasonable doubt of the guilt of the defendant they should acquit him. We have presented this matter upon the reasoning as appears to us in the case, but the question is not an open one in this jurisdiction. This court in the case of *Anderson* v. *Territory,* 9 Ariz. 50, 76 Pac. 636, cited in appellant's brief, following its former rulings in *Halderman* v. *Territory,* 7 Ariz. 120, 60 Pac. 876, and *Foster* v. *Territory,* 6 Ariz. 240, 56 Pac. 738, held that this instruction was not erroneous.

The appellant urges that the court also erred in instructing the jury "that the belief of great bodily injury or loss of life must have been such as would have been sufficient to excite the fears of a reasonable person." This is again an instruction given in the exact language of the statute. We find the instruction in full on the seventh page of the abstract of the record as referred to by the appellant. After the instruction first complained of, the court said: "In this case the defendant claims that he fired the shot in self-defense. The right of self-defense is a right recognized by statute, and the conditions under which it may be asserted to make the homicide justifiable are well settled. They are, first, that the slayer was not himself the assailant or aggressor, or that, if he was the aggressor, that he had in good faith sought to decline any further struggle or trouble," and then follows the language of the statute as given in section 181, Penal Code of 1901,

followed by section 182, Penal Code of 1901. "A bare fear of the commission of the violence to prevent which homicide may be lawfully committed is not sufficient to justify it, but the circumstances must be sufficient to excite the fears of a reasonable person, and the party killing must have acted under the influence of such fears alone." This instruction, besides being in the exact words of the statute, has received the sanction of this court in *Morgan* v. *Territory,* 7 Ariz. 224, 64 Pac. 421. That case was reversed because of the refusal of the trial court to give this instruction when requested by the defendant. The instruction there requested used the language of the statute, as did the instruction here complained of. The language objected to was immediately followed by the instruction: "If you believe from the evidence in this case that without any hostile demonstration on the part of the deceased sufficient to warrant the defendant, as a reasonable man, in believing that he was in great bodily danger, the defendant fired the shot which killed the deceased, such killing under such circumstances was not justifiable. On the other hand, if you believe from the evidence that the deceased made the first hostile demonstration against the defendant under such circumstances as would have justified a reasonable man in the defendant's situation in believing that the deceased was about to inflict upon him great bodily injury, then the defendant was justifiable in acting upon those appearances and that belief, and if necessary to prevent great bodily injury to himself and acting under the influence of those fears alone, he fired the fatal shot that killed the deceased, he was justified in so doing. In determining whether the defendant acted in necessary self-defense, or in what reasonably appeared to be necessary self-defense, it is your duty to look at the transaction from what you believe from the evidence was the standpoint of the defendant at the time, and consider the same in the light of the facts and circumstances, as you believe they appeared to the defendant at the time, and not from any other standpoint; and it is for you to determine from the evidence what were the appearances to the defendant, and what his standpoint was, and in what light he did, in fact, view the facts and circumstances at the time." We think this language not only fully meets the requirements of the law, but was as

favorable to the defendant as could be reasonably asked or expected.

The judgment of the lower court is affirmed.

KENT, C. J., and SLOAN and NAVE, JJ., concur.