[Criminal No. 276.    Filed April 2, 1910.]

[108 Pac. 227.]

FRANK SPENCE, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—EVIDENCE—OPINION EVIDENCE.—In a murder trial, witnesses who had hunted and killed large animals, and had observed the character of the wounds inflicted by the bullets on entering and leaving the bodies of the animals, were properly permitted to testify that from an examination of the wounds of deceased it was their opinion that the bullets entered the back of his head and came out near the eye.

2. HOMICIDE—SELF-DEFENSE — QUESTIONS FOR JURY.—In a murder trial the weight to be given accused's statement on surrendering himself

to custody that he acted in self-defense was for the jury, and the court properly left it to them to say whether in the light of the other evidence produced by the prosecution it tended to establish justification or excuse.

3. CRIMINAL LAW—INSTRUCTIONS.—In a criminal case, the charge of the court must be considered in its entirety.

4. HOMICIDE—INSTRUCTIONS—SELF-DEFENSE—EVIDENCE.—In a murder trial, where the sole issue was whether accused acted in self-defense, the court instructed that accused was presumed to be innocent until proven guilty beyond a reasonable doubt; that the burden was on the prosecution to make out all the facts constituting the crime charged beyond a reasonable doubt, and that, if doubt exists as to a material fact, accused is entitled to an acquittal; that, if the evidence leaves any reasonable doubt of guilt, the jury must acquit; and that, "if you entertain a reasonable doubt after considering all the facts and circumstances proven in this case whether defendant was justified in taking the life of deceased, then you should acquit him." *Held*, that accused was not prejudiced by the failure to couple such instructions with an instruction that the burden assumed by accused was only to the extent of raising in the minds of the jury a reasonable doubt as to whether he was justified in killing deceased.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Yavapai. Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

R. P. Talbot and A. L. Hammond, for Appellant.

A witness who was not skilled in the science of surgery or medicine, but who had seen about a dozen gunshot wounds and the same number of cuts on the body, could not lawfully testify as an expert. *Caleb* v. *State,* 39 Miss. 721. Mere opportunity afforded for observation will not constitute one an expert or render his mere opinion admissible as evidence. *Goldstein* v. *Black,* 50 Cal. 462; *People* v. *Lemperle,* 94 Cal. 45, 29 Pac. 709; *People* v. *Phelan,* 123 Cal. 566, 56 Pac. 424. "Where, owing to the insufficient character of the direct evidence, the experts become the witnesses on whose testimony the whole case rests, any error in admitting expert opinion becomes fatal error." *People* v. *Millard,* 53 Mich. 63, 18 N. W. 562. "The burden of proof rests upon the prosecution, and if upon the whole evidence, including that of the defendant

as well as the prosecution, the jury entertains a reasonable doubt of the guilt of the accused, he is entitled to the benefit of the doubt, and it is error to charge that, when the prosecution has made out a *prima facie* case and evidence has been introduced to show a defense, they must convict unless they are satisfied of the truth of the defense.'' *Anderson* v. *Territory,* 9 Ariz. 50, 76 Pac. 636; *Greene* v. *White,* 37 N. Y. 407; *Graves* v. *People,* 18 Colo. 170, 32 Pac. 63; *Ritchey* v. *People,* 23 Colo. 314, 47 Pac. 272, 384; *McNamara* v. *People,* 24 Colo. 61, 48 Pac. 541.

John B. Wright, Attorney General, for Respondent.

CAMPBELL, J.—Appellant was convicted of the crime of murder, and appeals.

The testimony on the part of the prosecution shows that Spence, the appellant, and Edgar R. Sullivan lived upon a small ranch, some four miles from the city of Prescott. On October 22, 1908, Spence appeared at the sheriff's office in Prescott, and stated that he had killed Sullivan at the ranch, that he had shot him while Sullivan was attacking him with a knife, and that the killing was done in self-defense. A coroner's jury was impaneled and went to the ranch, where the body of Sullivan was found lying face downward upon the floor of the cabin in which the men had lived. His left arm was under his body and his left leg under the right. The right arm was extended, the hand closed and resting upon, but not grasping, a knife. The upper part of the face was covered with ashes, and the eyebrows and hair had been singed by fire. There was a bullet wound near the left eye and another in the back of the head. The wound in front was much the larger of the two, being sufficiently large, as described by the witnesses, to permit the insertion of three fingers. The bones surrounding it were crushed and extended outward. The wound at the back of the head is described as having been a small round hole, the flesh being drawn inward. Several persons who examined the body were permitted to describe the wounds, and, after testifying that they were sufficiently familiar with gunshot wounds to enable them intelligently to form opinions as to which of the wounds upon Sullivan's head was made by the entrance of the bullet and which by the exit,

were permitted to testify that in their opinions the bullet entered at the back and came out near the eye. Before so testifying, each testified to some familiarity with the character of wounds made by the entrance and exit of bullets; that they had hunted and killed large animals, and had observed the character of the wounds inflicted by the bullets upon entering and leaving the bodies of animals.

Appellant assigns as error the ruling of the trial court permitting these witnesses so to express their opinions. It is contended that the witnesses were not experts, and should not have been permitted to testify. It is true that they were not experts in the sense that they were possessed of scientific or technical knowledge of the subject concerning which they expressed their opinions, but they were possessed of information that undoubtedly was useful to the jury. They did not testify as experts, but merely stated conclusions of fact derived from their observations. In *Hopt* v. *Utah,* 120 U. S. 430, 7 Sup. Ct. 614, 30 L. Ed. 708, a witness was permitted to give his opinion as to the direction from which a blow was delivered, after he had stated that his examination of the body had enabled him to form an intelligent opinion upon that point. The court say: ''The opinions of witnesses are constantly taken as to the result of their observations on a great variety of subjects. All that is required in such cases is that the witnesses should be able to properly make the observations the result of which they give, and the confidence bestowed on their conclusions will depend upon the extent and completeness of their examination and the ability with which it is made. . . . It was a conclusion of fact which he would naturally draw from the examination of the wound. It was not expert testimony in the strict sense of the term, but a statement of a conclusion of fact such as men who use their senses constantly draw from what they see and hear in the daily concerns of life.'' There was no error in admitting the testimony of the witnesses in this case.

Appellant testified that Sullivan became enraged at him because he had turned some horses into a corral; that Sullivan secured a butcher-knife and told him that he would kill him, and that he started toward him; that he, appellant, stepped behind a chair, but that Sullivan kept coming toward him, threatening to kill him. Thereupon appellant seized a rifle

which stood near and shot Sullivan in the front of the head; that Sullivan fell into the fireplace; that appellant dragged the body out and away from the fire, and left the house.

In instructing the jury the court charged fully the law of self-defense, instructing also that it being admitted by Spence that he took the life of Sullivan, unless the evidence adduced on behalf of the prosecution established or tended to establish that the act was justifiable or excusable on the ground of self-defense, or tended to show that the killing only amounted to manslaughter, the burden was upon him to produce evidence showing that his act was justifiable or excusable, or that it only amounted to manslaughter; also, that the taking of human life is only justified on the ground of necessity or seeming necessity; and that the utmost good faith is required of a defendant who seeks to justify his act of killing another. Appellant insists that by these instructions the court ignored the testimony introduced by the prosecution, which tended to show that Spence was justified in taking Sullivan's life, since the prosecution put in evidence the statement made by Spence when he appeared at the sheriff's office, to the effect that he had acted in self-defense, but the weight to be given to this statement was for the jury, and the court properly left it to the jury to say whether, in the light of the other evidence produced by the prosecution, it tended to establish justification or excuse. If it did, the jury were told, the burden of showing justification did not devolve upon the defendant. See *Bryant* v. *Territory,* 12 Ariz. 165, 100 Pac. 455.

Appellant further criticises the instructions in that "the court utterly neglected to instruct the jury as to the degree of proof required by the statute, and any juror might properly have considered the charge to mean that Spence must prove his justification conclusively, or by a preponderance of the evidence, or even beyond a reasonable doubt, and herein was reversible error." Undoubtedly, standing alone, the instructions are open to the criticism made by appellant, and, if unqualified or unexplained, would require the reversal of the judgment in this case. *Anderson* v. *Territory,* 9 Ariz. 50, 76 Pac. 636. But the charge of the court must be considered in its entirety. The sole issue in this case was whether the defendant killed the deceased in the exercise of his right of self-defense. The court in charging the jury told them that

the defendant was presumed to be innocent until proven guilty beyond a reasonable doubt, and that the burden was upon the prosecution to make out all the facts constituting the crime charged beyond a reasonable doubt, and that, "If doubt exists as to a fact, a material fact, he is entitled to an acquittal." Again: "If the jury entertain any reasonable doubt upon any single fact or element necessary to constitute the crime, it is your duty to give the prisoner the benefit of such doubt and acquit him." Again: "If the evidence in this case leaves upon the minds of the jury any reasonable doubt of the defendant's guilt, the law makes it your duty to acquit him." And, finally: "If you entertain a reasonable doubt, after considering all the facts and circumstances proven in this case, whether the defendant was justified in taking the life of the deceased, then you should acquit him, and your verdict should be that of not guilty." While, perhaps, it would be better in giving instructions of the nature of those complained of in this case to couple them with the instruction that the burden assumed by the defendant was only to the extent of raising in the minds of the jury a reasonable doubt as to whether he was justified in taking the life of deceased, the failure to do so in this case, where the jury were so clearly and repeatedly instructed in other portions of the charge that upon the whole evidence they must find the defendant guilty beyond a reasonable doubt before they could convict him, could not have prejudiced the defendant's rights.

Appellant relies upon the case of *Anderson* v. *Territory, supra.* In that case the court in connection with its instruction as to the burden of proof told the jury that the defendant must establish justification by a preponderance of the evidence. Here no such instruction was given, and, as we have pointed out, the burden assumed by the defendant under the charge of the court extended no further than to raise in the minds of the jury a reasonable doubt as to whether his act was justifiable.

The judgment of the district court is affirmed.

KENT, C. J., and DOAN, LEWIS, and DOE, JJ., concur.