356 P.2d 394

Joseph Dewitt **EVERETT**, Appellant,

v.

**STATE** of Arizona, Appellee.

No. 1171.

Supreme Court of Arizona.

Nov. 2, 1960.

Newell & Johnson, and Paul F. Newell, Tucson, for appellant.

Wade Church, Atty. Gen., and Burton M. Bentley, Special Asst. Atty. Gen., for appellee.

BERNSTEIN, Justice.

Defendant appeals from a judgment, entered on a jury verdict, convicting him of the crime of assault with a deadly weapon. Defendant asserts that the trial court erred in granting the State's motion for a continuance and in refusing to instruct the jury with respect to his claim of self-defense.

This proceeding was initiated by a criminal complaint sworn to on July 31, 1959. Defendant waived preliminary hearing before a justice of the peace and an information was thereafter filed by the County Attorney of Pima County on August 20, 1959. On August 25th defendant pleaded not guilty at an arraignment before the Superior Court, which set the trial date for October 6th. On October 2, 1959 the State moved to continue the trial on the ground that Loise Walker, the victim of the alleged assault by defendant, was outside the State of Arizona. On the return of the motion on October 5th, the court permitted the State to refile its motion and adjourned the argument until later that day. Defendant's attorney did not appear at the time set and the court, granting the State's motion, adjourned the trial until October 19th. Defendant thereafter moved unsuccessfully to set aside the continuance, and the trial was held on October 19th and 20th.

Defendant argues that the continuance deprived him of his right to a speedy trial and was granted in violation of the Rules of Criminal Procedure. Article II, Section 24 of the Arizona Constitution, A.R.S. guarantees to an accused the right to a "speedy public trial". Rule 236 of the Rules of Criminal Procedure, 17 A.R.S. provides for dismissal of a prosecution where the accused is not "brought to trial" within sixty days after the information has been filed.

In the instant case the trial commenced on the sixtieth day following the

filing of the information and, accordingly, the prosecution was not subject to dismissal under Rule 236. This does not of itself bar defendant's claim, for, as stated in State v. Hoffman, 78 Ariz. 319, 325, 279 P.2d 898, 902:

> "Whether a speedy trial has been denied will vary with the facts of the case."

■ Here, defendant has not demonstrated any prejudice as a result of the trial court's granting the continuance. No objection appears to have been made to the original trial date of October 6th, and the thirteen day adjournment, still within the sixty day period provided in Rule 236, did not deprive defendant of his right to a speedy trial.

■ As stated in Hunter v. State, 43 Ariz. 269, 271, 30 P.2d 499:

> "Continuances are, to a great extent, discretionary with the trial court, and an appellate tribunal will not review its action in this respect unless it clearly appears that the discretion has been abused. Shaffer v. Territory, 14 Ariz. 329, 127 P. 746; 6 R.C.L., p. 545, and cases cited. Courts are much more reluctant to hold that the granting of a continuance was error than that the refusal to do so was, for a refusal to grant a continuance may frequently work a serious injustice to one party or the other, while the granting of it will do so only in rare cases."

See also Rule 241 of the Rules of Criminal Procedure.

Defendant also claims that the State's application for a continuance, made on the ground that a witness was absent, did not meet the requirements of Rule 244 of the Rules of Criminal Procedure. We have examined the record and consider this objection to be without merit. See State v. Hoffman, supra; Hunter v. State, supra. The State's refiled motion, in particular, complied in detail with Rule 244.

■ Nor does the record show that the defendant did "admit that the witness if present would testify to the facts set forth in the application," so as to afford a basis for denial of the State's application under Rule 246. As a matter of fact, the attendance of the witness, who was the person allegedly assaulted by defendant, was secured in accordance with the provisions of the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings (A.R.S. §§ 13–1861 to 13–1866), and his testimony at the trial proved to be in substantial conflict with that given by defendant.

We hold that the trial court did not err in granting the State's motion for a continuance.

Defendant also assigns as error the trial court's failure to instruct the jury on the

law of self-defense. Both the State and the defendant submitted proposed instructions on that issue, which the trial court refused on the ground that there was not sufficient evidence to warrant them. The trial court's charge to the jury made no mention of self-defense.

A.R.S. § 13–246 provides, in relevant part:

"A. Violence used to the person does not amount to assault or battery in the following cases:

\* \* \* \* \* \*

"6. In self-defense, or defense of another against unlawful violence to his person or property.

"B. Only that degree of force may be used which is necessary to accomplish the lawful purpose."

A more detailed statutory definition of self-defense appears in the provisions of the Criminal Code relating to homicide (A.R.S. Title 13, Chapter 2, Article 22). Thus, A.R.S. § 13–462 provides, in relevant part:

"Homicide is also justifiable when committed by a person:

\* \* \* \* \* \*

"3. In the lawful defense of the person \* \* \* when there is reasonable ground to apprehend a design to commit a felony, or to do some great bodily injury, and imminent danger of such design being accomplished \* \* \*. A bare fear of the commission of any offense mentioned in this paragraph is not sufficient to justify a homicide. The circumstances must be sufficient to excite the fears of a reasonable person, and the party killing must have acted under the influence of such fears alone."

Although this section provides a helpful analogy in interpreting the self-defense provisions in assault cases, the different factors involved in a homicide and an assault, and especially the significant variance in the consequence of each crime, suggest that the rules relating to self-defense are not identical for each. For example, the "law is that a person illegally arrested may resist the arrest, using such force as may be reasonably necessary, *short of killing* the arresting officer" (emphasis added) (Dugan v. State, 54 Ariz. 247, 250, 94 P.2d 873, 874). Further, self-defense is a *justification* for homicide (A.R.S. § 13–462); while an act of violence, short of causing death, performed in self-defense "does not amount to assault" (A.R.S. § 13–246; see also Ryan v. Territory, 12 Ariz. 208, 212, 100 P. 770).

■ Although self-defense has been classified as an "affirmative plea" of the defendant (Judd v. State, 41 Ariz. 176, 193, 16 P.2d 720), that has been held not to mean that the defendant has the burden to prove that plea by a preponderance of

evidence, or otherwise. See Rosser v. State, 45 Ariz. 264, 42 P.2d 613; Macias v. State, 3 Ariz. 140, 283 P. 711; Spence v. Territory, 13 Ariz. 20, 108 P. 227; Bryant v. Territory, 12 Ariz. 165, 100 P. 455; Anderson v. Territory, 9 Ariz. 50, 76 P. 636. The State's burden to prove beyond a reasonable doubt that the defendant committed the crime goes to the whole case, including the plea or justification based on self-defense.

As was stated in Spence v. Territory, supra [13 Ariz. 20, 108 P. 229], the defendant's burden with respect to his plea of self-defense extends

"no further than to raise in the minds of the jury a reasonable doubt as to whether his act was justifiable." (13 Ariz. at page 25, 108 P. at page 229.)

In accord with the State's burden to prove its entire case beyond a reasonable doubt, this Court stated in Judd v. State, supra, that an instruction on self-defense should be given

"if the evidence, circumstantial though it may be, *in the slightest degree* tends to indicate that the killing was done in self-defense * * *." (Emphasis added.) (41 Ariz. at page 193, 108 P. at page 229.)

More recently, in State v. Wallace, 83 Ariz. 220, 319 P.2d 529, 531, this Court reviewed a murder conviction in which the trial court had, on the ground that there was no basis in the evidence for defendant's claim of self-defense, excluded testimony of threats made by the deceased against the defendant. In reversing the conviction, this Court stated that if

"there is the *slightest evidence* tending to prove a hostile demonstration, which may be reasonably regarded as placing the accused apparently in imminent danger of losing her life or sustaining great bodily harm, the threats should not be excluded." (Emphasis added.) (83 Ariz. at page 223, 319 P. 2d at page 531.)

Accord: Burgen v. State, 32 Ariz. 111, 256 P. 111.

We thus turn to the record herein to determine whether, in accordance with the applicable criterion, there was the "slightest" evidence of self-defense, so as to require an instruction thereon. The testimony on behalf of the State was devoid of any proof that defendant acted in self-defense. The victim of the alleged assault, in particular, testified to the contrary. What testimony there was on this subject was given by the defendant, who was the only witness for the defense.

Defendant testified that at about 2:00 p.m. on July 30, 1959, he was drinking beer in a tavern in Tucson. A few minutes later while he was sitting and leaning against the bar, he felt a hand, belonging to Loise Walker, in his pocket. Defendant

complained to Walker and an argument developed between the two. Walker hit the defendant, causing his glasses to fall to the ground and break. The bartender separated the two and ordered defendant to leave the tavern.

Defendant testified that after he had walked a short distance on his way home, he noticed Walker close behind him. Defendant continued:

"I turned around. I said, 'What are you following me for?' He said, 'I am going to finish doing you in.' He was about five steps in front of me. He walks up closer to me. My back was to the building. I tried to walk behind him. He walks up with his hand in his pocket. He said—he, I thought he was going to cut me or shoot me, do me in. The first thing, he went, was in his pocket, he went. That was when I grabbed his left hand with my right hand and this time I went in this pocket right here (indicating). While he was wrestling with me, in this hand I get the little old knife out like this (indicating). We went to tussling over the knife, that is when he got cut. * * * I didn't intend to. I intended to defend myself to stop him from having his, that is why I held his hand in his pocket. * * * I really was afraid of him."

The following testimony was given on cross-examination:

"Q. [Deputy County Attorney] You were afraid he would take a knife out of his pocket? A. [Defendant] I don't know what he had; maybe a pistol or knife.

"Q. [Deputy County Attorney] Except the fact that he had his hand in his pocket? A. [Defendant] Except taking his word what he was going to do."

A fair summary of defendant's testimony is that he struck Walker with a knife because he feared he was in personal danger from Walker; defendant's fear was based on Walker's "overt act" or "hostile demonstration" (see State v. Wallace, supra, 83 Ariz. at page 223, 319 P.2d at page 531) in following defendant closely and placing his hand in his (Walker's) pocket, accompanied by a threat to "finish doing you [defendant] in"; these events followed by a few minutes Walker's physical attack on defendant in the bar.

■ If defendant had not testified at all or if he had failed to give evidence on one or more of the elements of self-defense, the trial court's failure to instruct on self-defense might have been proper. See Walker v. State, 52 Ariz. 480, 83 P.2d 994; Judd v. State, supra. Here, defendant's testimony, although in material conflict with the State's proof, constituted some·

evidence on each material element of the plea of self-defense. Under the authorities discussed above, that is sufficient to require that the plea of self-defense be submitted to the jury.

As was stated in Richardson v. State, 34 Ariz. 139, 144, 268 P. 615, 616:

"Defendant claimed he was acting in self-defense, and that what he did was necessary for his own protection. Whether that is true or not was a question of fact for the jury and not for the court."

The question to be ultimately determined by the jury was whether defendant *reasonably* believed he was in personal danger (see Encinas v. State, 26 Ariz. 24, 32–33, 221 P. 232; Caston v. State, 24 Ariz. 593, 596–597, 211 P. 866) and whether he used no more force than "necessary" to defend himself (see A.R.S. § 13–246, sub-section B). The instructions proposed by the State and the defendant fairly advised the trial court of these matters. Such instructions were crucial to defendant's case because, having admitted wounding Walker, he relied, virtually exclusively, on the plea of self-defense.

We hold that the trial court erred in failing to instruct the jury on the law of self-defense.

The judgment is reversed and the cause remanded for a new trial.

STRUCKMEYER, C. J., PHELPS and UDALL, JJ., and FRED J. HYDER, Superior Court Judge, concur.

NOTE: LESHER, J., having disqualified himself, the Honorable FRED J. HYDER, Judge of the Superior Court of Maricopa County, Arizona, was called to sit in his stead and participate in the determination of this appeal.