416 P.2d 544

STATE of Arizona, Appellee,

v.

Patrick Daniel MALONEY, Appellant.

No. 1611.

Supreme Court of Arizona.

In Banc.

July 13, 1966.

**112**

Darrell F. Smith, Atty. Gen., and Walter O. Holm, Asst. Atty. Gen., for appellee.

Marshall W. Haislip, Phoenix, for appellant.

BERNSTEIN, Vice Chief Justice.

The defendant, appeals from a judgment of conviction on two counts of homicide entered by the Superior Court of Maricopa County. The facts and inferences most favorably supporting the verdict reveal that on September 19, 1964, two days before the homicides in question, the defendant, a 16-year-old boy, made plans to steal money from his step-father's safe, take the father's automobile and leave Phoenix. Two young friends, a boy and a girl, were supposed to leave with defendant. While plans were being discussed, defendant said he would "hog-tie" his parents to get the money but added he would have to be careful where he hit his mother because she had recently undergone brain surgery.

On the night of September 21st, after his parents went to bed, defendant attempted to open the step-father's safe. Circumstantially, it appears that his step-father overheard him and entered the room whereupon defendant shot and killed him. Defendant's mother entered the room, turned to flee, and was shot in the back. Defendant then hit her with a pistol fracturing her skull and next procured a butcher knife stabbing both his mother and step-father leaving the knife imbedded in his step-father's chest.

The defendant took the safe, his step-father's wallet and the automobile. He picked up his boy friend and, after an unsuccessful search for the girl, they started for Flagstaff where they were apprehended and returned to Phoenix.

At the trial, defendant's boy friend and girl friend testified against him and the jury found defendant guilty of first degree murder in the death of his mother and second degree murder for his step-father's death. This appeal followed.

■ The case must be remanded. The trial court did not rule on the voluntariness of defendant's inculpatory statements which were admitted into evidence. State v. Owen, 96 Ariz. 274, 394 P.2d 206. The trial court conducted a hearing on the issue of voluntariness out of the presence of the jury, but reserved decision. The judge thereafter admitted the statements without having ruled on the matter. In State v.

Mileham, 100 Ariz. 402, 415 P.2d 104, decided by this court May 19, 1966, the trial judge held a hearing out of the presence of the jury to determine the voluntariness of a confession and, although the court did not rule on the question of voluntariness, it specifically overruled defendant's objection to admissibility. Nevertheless, we remanded because the court had failed to make a definite determination as to voluntariness at the conclusion of the hearing on that issue. The instant case requires no less.

■ We must next decide whether to grant a new trial or remand this case for a limited hearing on the issue of voluntariness. That determination rests upon the facts of each case. State v. Mileham, supra; State v. Simoneau, 98 Ariz. 2, 401 P.2d 404.

Defendant contends the trial court erred in instructing the jury as follows:

"Now, upon a trial for murder, the commission of a homicide by the defendant being proved *beyond a reasonable doubt,* the burden of proving circumstances of mitigation or circumstances that justify or excuse it devolves upon the defendant, unless the proof on the part of the prosecution tends to show that the crime committed only amounted to manslaughter or that the act was justifiable or excusable. Then the defendant is only required to produce such proof as will raise a reasonable doubt in the minds of the jury whether the killing was justifiable or excusable and shall be entitled to acquittal." (Emphasis provided)

The first sentence, except for the underlined portion, is the language of A.R.S. § 13-454. Defendant's main attack upon the quoted instruction is that it is error to instruct the jury in the exact language of the statute. He cites People v. Valentine, 28 Cal.2d 121, 169 P.2d 1 which held that the California statute identical to § 13-454 could not be given in a jury instruction.

■ In every crime including homicide there must exist a joint union of act and intent and the intent is manifested by the circumstances connected with the offense. A.R.S. § 13-131. Murder is defined as the unlawful killing of a person with malice aforethought. A.R.S. § 13-451. Malice is defined as an intent to kill without legal justification. State v. Schantz, 98 Ariz. 200, 403 P.2d 521.

■ Section 13-454 states in part that:
"Upon a trial for murder, the commission of the homicide by defendant being proved, the burden of proving circumstances of mitigation, or circumstances that justify or excuse it, devolves upon defendant, * * *."

The purpose of § 13-454 and its California counterpart from which we adopted our statute is to relieve the prosecution in murder cases of proving by specific, independent evidence the elements of malice and the intent to kill. Malice will be presumed from the proof of the homicide alone if the evidence adduced to establish the homicide shows neither mitigation nor justification or excuse. Bennett v. State, 15 Ariz. 58, 136 P. 276. Furthermore, § 13-454 is based upon the common law doctrine that one is presumed to intend the reasonable and probable consequences of his act, and that, where the act is unlawful, the criminal intent is inferred. Anderson v. Territory, 9 Ariz. 50, 76 P. 636. California has held the same way as to both malice and criminal intent. People v. Campanella, 46 Cal. App.2d 697, 116 P.2d 633.

■ In other words, when the state has proved beyond a reasonable doubt that the defendant committed the homicide, it has, by operation of § 13-454, automatically proved that the defendant acted intentionally and maliciously unless there is some evidence of mitigation, justification or excuse. Without any other proof the defendant would be guilty of second degree murder. State v. Singleton, 66 Ariz. 49, 182 P.2d 920; People v. Thomas, 25 Cal.2d 880, 156 P.2d 7. If the state also proves be-

yond a reasonable doubt that the killing was wilful and deliberate and premeditated or occurred during the commission of certain felonies, the defendant would be guilty of first degree murder. But assuming the absence of such evidence, it is clear that the defendant may be convicted of second degree murder unless he presents evidence of mitigation, justification or excuse sufficient to raise a reasonable doubt as to the existence of malice. Anderson v. Territory, supra. This does not mean that he must persuade the jury of his innocence because such an idea does violence to the presumption of innocence to which he is always entitled. A.R.S. § 13–162. However, it does mean that the defendant has the burden of going forward with the evidence. In short, § 13–454 acknowledges the factual presumptions or inferences of malice and intent which arise when the homicide is proved and shifts to the defendant the burden of going forward with the evidence, but does not and cannot shift the burden of proof from the state to the defendant. Both Arizona and California have so construed the statute. State v. Preis, 89 Ariz. 336, 362 P.2d 660, cert. den. 368 U.S. 934, 82 S.Ct. 372, 7 L.Ed.2d 196; People v. Deloney, 41 Cal.2d 832, 264 P.2d 532.

■■ The purpose of instructions is to advise the jury of the legal principles applicable to the case which principles must be applied to the facts proved to render a valid verdict. Coyner Crop Dusters v. Marsh, 90 Ariz. 157, 367 P.2d 208, reversed on other grounds 91 Ariz. 371, 372 P.2d 708; Valley Nat. Bank v. Witter, 58 Ariz. 491, 121 P.2d 414; 88 C.J.S. Trial § 266. A rule of procedure ordinarily has nothing to do with the jury's deliberation and is not a legal principle which they must apply to the facts in order to render a verdict. Instructions containing abstract procedural rules, though correct, are not favored. State v. Willits, 96 Ariz. 184, 393 P.2d 274; Glenn v. Chenowth, 71 Ariz. 271, 226 P.2d 165.

■ It is better if the trial court does not instruct the jury in the language of § 13–454 which is somewhat ambiguous on its face, cf. State v. Locks, 94 Ariz. 134, 382 P.2d 241, and might confuse the jury. Hashfield v. State, Ind., 210 N.E.2d 429. But we have said that:

"* * * it certainly cannot be said to be prejudicial to a defendant to charge that when the prosecution has made a prima facie case, and established it beyond a reasonable doubt, if it is desired by the defendant to have the jury take into consideration circumstances to mitigate the crime, if such homicide be a crime as proven, or to overcome the proof made and justify or excuse the homicide that on the evidence already presented has been proved to be a crime, the burden of proving such circumstances devolves upon the defendant." Bryant v. Territory, 12 Ariz. 165, 168–169, 100 P. 455, 456.

In the instant case, after considering the instructions as a whole, we do not think the defendant was prejudiced by the trial court's instruction.

■ Defendant next argues that the following instruction was error.

"Now, to constitute first degree murder under this definition the unlawful killing must be accompanied by a deliberate and premeditated intent to take human life. The intent to kill must be the result of deliberate premeditation and formed upon a pre-existing reflection and not upon a sudden heat of passion sufficient to preclude the idea of deliberation. There need be, however, no appreciable space of time between the intention to kill and the act of killing. They may be as instantaneous as successive thoughts of the mind. It is only necessary that the act of killing be preceded by, and the result of a concurrence of will, deliberation and premeditation on the part of the slayer and, if such is the case, the killing is murder of the first degree no matter how rapidly these acts of the mind may succeed each

other, or how quickly they may be followed by the act of killing."

This instruction has been approved as recently as State v. McGee, 91 Ariz. 101, 370 P.2d 261, cert. den. 371 U.S. 844, 83 S.Ct. 75, 9 L.Ed.2d 79. See also Faltin v. State, 17 Ariz. 278, 151 P. 952; Macias v. State, 36 Ariz. 140, 283 P. 711; Sullivan v. State of Arizona, 47 Ariz. 224, 55 P.2d 312.

■ Defendant next contends that prejudicial error resulted when the trial court restricted the cross-examination of defendant's boy friend who testified for the state. The occurrence was as follows:

"Q. Mr. Coy, do you know whether or not your expenses, the expenses of your parents have been paid by anyone for your making this trip?

"MR. CORBIN: I would object to the materiality.

"THE COURT: Sustained.

"MR. HAISLIP: May I be heard, Your Honor?

"THE COURT: No. I have a note on that."

We are not told the content of the "note" to which the court referred. In any event the court's ruling did not prejudice defendant. The witness came from Nevada to testify at the trial. Although he made no offer of proof, defense counsel apparently wanted to show that the witness' testimony was unreliable because the state paid his travel expenses and he would thus be anxious to please the prosecution. Counsel could draw this inference whether or not the state paid for the witness' travel expense. Furthermore, defense counsel achieved his objective by eliciting other testimony from the witness, i. e., he was under the jurisdiction of the juvenile court and required to make reports to the probation officer; that while in the juvenile home he told the police what happened; that he wanted to get out of the juvenile home and that he thought it would help a little to tell the police what he knew. Defendant was not prejudiced by the court's

ruling. State v. Baker, 100 Ariz. 339, 414 P.2d 153.

■ Defendant contends the court erred in refusing to allow a witness to testify that two months before the homicides defendant's mother showed the witness seven pills and told the witness that she, the mother, was taking codeine or demerol. Defendant claims the testimony would have corroborated his statement that his mother was a drug addict. That inference is extremely tenuous and the offered testimony was remote so that we cannot say the trial court abused its discretion in ruling as it did.

■ Defendant next argues that the trial court erred in denying his motion for a new trial based upon newly discovered evidence. The evidence claimed to be newly discovered is set forth in affidavits. One affiant stated that approximately two years before the homicides, defendant's mother said she was having sexual relations with defendant. The other affiant stated that approximately one year before the homicides, defendant said he was having sexual relations with his mother. The second affiant, Robert Newton, was subscribed to the back of the information as a possible witness. A new trial will not be granted to permit the introduction of testimony of a witness whose identity was known by the moving party at the time of the original trial. State v. Baker, supra. The affidavits were merely cumulative evidence which will not ordinarily justify a new trial. State v. Baker, supra. Under these circumstances, we cannot say the trial court abused its discretion in denying the motion for a new trial. State v. Sorrell, 95 Ariz. 220, 388 P.2d 429.

At the trial, defendant claimed self-defense. He said the step-father attacked him when he caught defendant in the midst of sexual relations with his mother. During the ensuing struggle, defendant claimed the mother and step-father were accidentally killed. The affidavits were offered to corroborate defendant's testimony.

**116**

This case will be remanded to the Superior Court of Maricopa County for a limited hearing to determine the voluntariness of the following statements by defendant: Philip Helmkay, a juvenile probation officer, testified that defendant said he would give some information but at a later time he wanted an attorney. Officer William Copeland testified that defendant said he wanted to see a lawyer before he gave him any details and he was not ready to die yet; that his step-father treated him very well and bought him all kinds of nice things. Officer Ralph McMillen's testimony where he states that defendant told him of his background, described his activities on the day of the homicides, his plan to leave Phoenix after robbing his step-father, his access to weapons and how he would be careful when he hit his mother because of her brain surgery, that he argued with his mother then shot his step-father when he came in the room and thereafter shot his mother, how he knew his parents needed medical attention but didn't call for an ambulance, how he washed and changed his clothes, took the safe and two pistols and left town with his friend, that he first said he didn't remember about the knife but then admitted his step-father never tried to take it away from him.

 In deciding whether defendant's statements were voluntary, the trial court cannot apply the principles enunciated by the United States Supreme Court in Miranda v. Arizona because that decision only applies to trials began after June 13, 1966 and defendant's trial began February 25, 1965. See Johnson v. New Jersey decided by the United States Supreme Court June 20, 1966. The trial court must apply the holding of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 as well as those cases outlining the traditional test of coercion including Davis v. North Carolina decided by the United States Supreme Court June 20, 1966.

If the trial court decides that defendant's statements were voluntary it will notify this court by causing a certified copy of its minute entry to be transmitted to the clerk of this court. If no objection to the ruling is presented to this court within fifteen days, an order will be entered affirming the convictions. If the trial court finds that the statements were involuntary, it is directed to enter an order granting defendant a new trial.

Remanded with directions.

. STRUCKMEYER, C. J., and UDALL and McFARLAND, JJ., concurring.

NOTE: Justice LORNA E. LOCKWOOD did not participate in the determination of this case.